United States District Court
Southern District of Texas
FILED

AUG 2 8 2003

Michael N. Milby
Clerk of Court

**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| LETICIA SHELDON | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. **B-03-150** |
| | § | |
| PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA | § | |
| | § | |
| Defendant. | § | |

## NOTICE OF REMOVAL OF CIVIL ACTION

Aetna Life Insurance Company ("ALIC"), as Administrator for The Prudential Insurance Company of America ("PICA"), Defendant in a civil action pending in state court, files this Notice of Removal of a civil action brought by Leticia Sheldon ("Plaintiff"). The grounds in support of this Notice of Removal are as follows:

1.    **The State Court Action.** Plaintiff filed a civil action on or about July 28, 2003, in the 107th Judicial District Court of Cameron County, Texas, under cause number 2003-07-3828-A ("State Court Action"). (A true and correct copy of the Plaintiff's Original Petition, hereinafter referred to as the "Complaint," is attached as Exhibit A and incorporated herein for all purposes.)

2.    **Defendant.** Plaintiff named PICA, a New Jersey corporation, as the defendant in the State Court Action. PICA was served with or otherwise received a copy of the initial pleading on or about August 1, 2003. (A true and correct copy of the citation received by PICA is attached as Exhibit B and incorporated herein for all purposes.) In order to avoid the entry of a default judgment, on August 22, 2003, ALIC, a Connecticut corporation, appeared in the State Court Action as Administrator for PICA. (A true and correct copy of Defendant's Motion To

HOU:2199743.1

Transfer Venue And Original Answer Subject Thereto is attached as Exhibit C and incorporated herein for all purposes.)

3.    **This Notice is Timely Pursuant to 28 U.S.C. § 1446(b).**  This Notice of Removal of Civil Action is timely pursuant to 28 U.S.C. § 1446(b) because the State Court Action is being removed within the statutorily allowed thirty day period after the date Defendant was served with or otherwise received a copy of the initial pleading and citation.

4.    **Complete Diversity of Citizenship Confers Jurisdiction.**  This matter may be removed to this Court because it is one involving a controversy wholly between citizens of different states, and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.  Therefore, this is a civil action of which the district courts of the United States have original diversity jurisdiction pursuant to 28 U.S.C. § 1332, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

5.    Specifically, Plaintiff has alleged in her Complaint that she is domiciled in Cameron County, Texas, and is a citizen of the State of Texas.  Based on information and belief, as of the time the State Court Action was filed, and as of the time of filing this Notice of Removal, Plaintiff continues to be domiciled in Cameron County, Texas, and is a citizen of the State of Texas.

6.    PICA is a corporation that was incorporated in the State of New Jersey and had its principal place of business in the State of New Jersey at the time the State Court Action was filed.  As of the date of this Notice of Removal, PICA continues to be incorporated in and have its principal place of business in the State of New Jersey. PICA did not have its principal place of business in the State of Texas and was not incorporated in the State of Texas at the time of the filing of the State Court Action or at the time of the filing of the Notice of Removal.

-2-

7.    ALIC is a corporation that was incorporated in the State of Connecticut and had its principal place of business in the State of Connecticut at the time the State Court Action was filed.  As of the date of this Notice of Removal, ALIC continues to be incorporated in and have its principal place of business in the State of Connecticut.  ALIC did not have its principal place of business in the State of Texas and was not incorporated in the State of Texas at the time of the filing of the State Court Action or at the time of the filing of the Notice of Removal.

8.    Furthermore, the amount in controversy in this action exceeds the sum of $75,000.00, exclusive of interest and costs, in that Plaintiff seeks damages in an amount in excess of the minimum jurisdictional requirements of 28 U.S.C. § 1332.  For example, Plaintiff seeks actual damages in the amount $16,688.22, plus attorneys' fees, treble the amount of actual damages, as well as exemplary damages.

9.    **Notice Filed in the State Court.**  Promptly after filing this Notice of Removal, written notice thereof will be given to Plaintiff and a copy of this Notice of Removal will be filed with the District Clerk of Cameron County, Texas, as provided by law.  (A true and correct copy of the Notice being filed with the District Clerk of Cameron County, Texas is attached hereto as Exhibit D.)

WHEREFORE, Aetna Life Insurance Company, as Administrator for The Prudential Insurance Company of America, prays that the State Court Action be removed to the United States District Court for the Southern District of Texas, Brownsville Division.

-3-

Respectfully submitted,

By: _John B. Shely_ _M permission_ _McBatsell_
JOHN B. SHELY
Attorney-in-Charge
State Bar No. 18215300
SDOT No. 7544
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4105
Facsimile: (713) 220-4285

OF COUNSEL:

ANDREWS & KURTH, L.L.P.
and
RODRIGUEZ, COLVIN & CHANEY, L.L.P.

NORTON A. COLVIN, JR.
State Bar No. 04632100
SDOT No. 1941
MARJORY COLVIN BATSELL
State Bar No. 04631400
SDOT No. 3983
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

ATTORNEYS FOR DEFENDANT
AETNA LIFE INSURANCE COMPANY
AS ADMINISTRATOR FOR THE
PRUDENTIAL LIFE INSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

A copy of this document has been forwarded by U.S. mail, certified, return receipt requested, on August 28 , 2003 to:

Guillermo Vega, Jr.
302 Kings Highway, Suite 105
Brownsville, Texas 78521

_Norton A. Colvin_
Norton A. Colvin, Jr. by permission
MCBartell

-5-

RUN DATE 08/20/03
RUN TIME 8:01 AM

PAGE: 01

2003-07-003828-A

**CERTIFIED COPY**

* * * C L E R K ' S   E N T R I E S * * *

LETICIA SHELDON

VS

PRUDENTIAL INSURANCE COMPANY OF AMERICA

07    28    03

(10)    TEXAS INSURANCE CODE VIOLATIONS

00016501
HON. GUILLERMO VEGA, JR.
302 KINGS HIGHWAY STE 105
BROWNSVILLE TX    78520 0000

07/28/03   ORIGINAL PETITION FILED
07/28/03   AFFIDAVIT OF INABILITY TO PAY COSTS
07/29/03   CITATION (CM): PRUDENTIAL INSURANCE
           COMPANY OF AMERICA
07/29/03   SERVED: 08/01/03    FILED: 08/07/03

A TRUE COPY I CERTIFY
AURORA DE LA GARZA, CLERK
197TH DISTRICT COURT CAMERON COUNTY TEXAS
AUG 1 9 2003
DEPUTY
DISTRICT COURT
CAMERON COUNTY
TEXAS

No. 2003-07-3828-A

| | | |
|---|---|---|
| LETICIA SHELDON | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | OF CAMERON COUNTY TEXAS |
| PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA | § | 107  JUDICIAL DISTRICT |

FILED 3-00 O'CLOCK __ P M
AURORA DE LA GARZA, CLERK
JUL 28 2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
Jessica Alvarez DEPUTY

## PLAINTIFF'S ORIGINAL PETITION

### TO THE HONORABLE JUDGE OF SAID COURT:

LETICIA SHELDON plaintiff, files the Original Petition against Prudential Insurance Company of America, Defendant, and would show:

### I.

LETICIA SHELDON, Plaintiff, is a resident of Brownsville, Cameron County, Texas.

Prudential Insurance Company of America, Defendant is a Foreign corporation with its principal place of business in Newark, NJ doing business in the State of Texas. Defendant may be served with citation by serving its President, Vice President, or Registered Agent CT Corporation System, Shirley Dillon at 350 North St Paul Street, Dallas, Texas 75201.

### II.

Venue of this action is proper in Cameron County because the cause of action accrued in whole or in part in Cameron County.

### III.

Plaintiff purchased a Health Insurance Policy No. 0072715 from Defendant providing health coverage between 10-01-1997 and 09-30-2000. The policy insured medical expenses made by Leticia Sheldon. At all times material to this action, the insurance policy was in full force and effect. Notice of the claims made in this lawsuit, including plaintiff's specific complaints, the amount of actual damages sustained, and the amount of attorney fees and expenses incurred, were given in the manner and form required by TEX. INS. CODE Article 21.21 § 16 (e) at least sixty days before this lawsuit was filed. A copy of the letter is attached; marked Exhibit 1, and made a part of this lawsuit.

Plaintiff's Original Petition

SCANNED
AUG 0 6 2003

## IV.

### The Claim

On or about 03-01-99 during the policy period, the insured suffered substantial damage as a result of chronic pelvic pain, symptomatic third-degree uterine prelapse and stress urinary incontinence which resulted in Plaintiff's incurring expenses for medical treatment. Plaintiff gave notice of this loss and complied with the terms of the policy. Defendant chose to ignore competent medical evaluations of the Plaintiff's physical condition and instead chose to deny Plaintiff's policy benefits based on its own inadequate investigation and evaluation of this claim even though an insurer of ordinary prudence and care would have done otherwise.

## V.

### Causes of Action

The facts stated in the preceding paragraph give rise to the following causes of action.

A.   Texas Insurance Code violations.  The oral and written misrepresentations of Defendant and its local recording agent constitute actionable misrepresentations under Article 21.21, Section 4.  Defendant has also engage in unfair or deceptive acts or practices in the business of insurance. Defendant's violations of the rules and regulations of the Texas Department of Insurance constitute unfair deceptive acts or practices in the business of insurance in that:  (1) Defendant has failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim after liability under the insurance policy became reasonably clear; (2) Defendant has compelled Plaintiff to institute this suit to recover amount due under the policy of insurance by failing to offer to pay Plaintiff the policy benefits to which Plaintiff is entitled and which Plaintiff will ultimately recover in this suit.  This conduct constitute unfair or deceptive trade practices in the business of insurance as defined in Article 21.21-2 of the Texas Insurance Code, and which is further defined in Board Order 18663, readopted as Board Order 41060, 28 TEX. ADMIN.CODE §21.3 (a) (West 1988). Defendant's breach of the common-law duty of good faith and fair dealing, as described herein, constitutes an unfair or deceptive act or practice in the business of insurance, as defined under Board Order 41060, 28 TEX. ADMIN. CODE § 21.3 (b).

Defendant had actual awareness of the falsity, deception, and unfairness of the acts and practices described in this petition in that Defendant refused to pay the claim to the insured, Leticia Sheldon.

SCANNED
AUG 0 6 2003

Plaintiff's Original Petition                                                                          Page 2

B.  **Breach of the duty of good faith and fair dealing**.  As a result of the relationship of the parties created by the nature of the policy of insurance and the parties unequal bargaining power.  Defendant owed and owes to Plaintiff a duty to deal fairly and in good faith.  Defendant has failed to deal in good faith.  There was and is no reasonable basis for Defendant's denial of plaintiff's claim under the policy.  Defendant also knew of should have known that there was no reasonable basis for denying the claim.  Plaintiff would show that Defendant unreasonably disregarded evidence indicating that the claim should have been paid.  A reasonable insurer under these same or similar circumstances would not have denied the claim in question.  Defendant thus breached its duty to deal fairly and in good faith with Plaintiff.

C.  **Breach of Contract**.  The conduct of Defendant constitutes a breach of the contract of insurance between Plaintiff and Defendant.  Plaintiff purchased a contract of insurance under which Defendant promised to pay policy benefits for all covered losses.   Defendant's refusal to pay benefits constitutes a breach of the contract.  As a result of this breach, Plaintiff has suffered damages, all of which were reasonably foreseeable.  A copy of the health insurance policy is attached, marked Exhibit 2, and made a part of this lawsuit.

VI.

Damages

The conduct described herein was a producing, proximate, and direct cause of actual damages to Plaintiff.  These damages include, but are not limited to, the full benefits payable under the policy together with the out-of-pocket expenses incurred by Plaintiff.  These damages also include mental anguish and distress suffered by Plaintiff.  Plaintiff seeks prejudgment interest at the highest lawful rate.  The amount of actual damages which should be awarded exceeds the minimum jurisdictional limits of the Court.

Because of Defendant's knowing violation of law, Plaintiff seeks mandatory treble damages pursuant to TEX. INS. CODE Art. 21.21 § 16 (b).  Defendant's acts and omissions, including its breaches of the duty of good faith and fair dealing, were grossly negligent and the result of a conscious indifference to the rights and welfare of Plaintiff.   Further, Defendant's conduct was committed knowingly, that is, with an actual awareness of the unfair nature of the conduct giving rise to Plaintiff's claim.   The denial of Plaintiff's claim was apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policyholders.  In order to punish Defendant and set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages are necessary.  Accordingly, Plaintiff seeks both

SCANNED
AUG 0 6 2003

treble and exemplary damages as allowed by law which are appropriate to accomplish these goals.

Plaintiff seeks all reasonable and necessary attorney fees in this case which include fees and costs for the following: (a) preparation and trial of this lawsuit; (b) post-trial, preappeal legal services; (c) an appeal to the court of appeals; (d) making or responding to an application for writ of error to the Supreme Court of Texas; (e) an appeal to the Supreme Court of Texas in the event application for writ of error is granted; and (f) postjudgment discovery and collection in the event execution on the judgment is necessary.

VII.

Prayer

Plaintiff asks that Defendant be cited according to law to appear and answer this lawsuit, and after final trial, Plaintiff seeks the following relief: (a) a judgment for all of Plaintiff's actual damages and exemplary, or alternatively, treble damages in the full amount allowed by law; (b) a judgment for prejudgment and postjudgment interest in the highest amount allowed by law; (c) a judgment for attorney fees and costs of court; and (d) such other relief to which Plaintiff may be entitled.

Respectfully submitted,

Guillermo Vega, Jr.
Texas Bar No. 20533700
302 Kings Highway, Suite 105
Brownsville, Texas 78521
Tel. (956)546-5573
Fax. (956)542-1977

Attorney for Plaintiff
LETICIA SHELDON

Plaintiff's Original Petition

SCANNED
AUG 0 6 2003

# EXHIBIT 1

SCANNED

AUG 0 6 2003

# Guillermo Vega, Jr.
### Attorney at Law



(956) 546-5573    **Telephone**
(956) 542-1977    **Telefax**

302 Kings Highway Suite 105
Brownsville, Texas 78521

May 23, 2003

Prudential Insurance Company of America
1 Prudential Circle Mail Stop 301
Sugarland, Texas 77478
1-800-648-4489

         Re:    Insured:    Leticia Sheldon
                Policy No: 0072715
                Claim No: 8991031901144-02000

Gentlemen:

Our firm has been retained to represent Leticia Sheldon with respect to a claim that she has against you. Please direct all future communications concerning this matter to me. We write today to discuss several acts and omissions on your part which constitute a violation of Article 21.21 of the Texas Insurance Code.

Leticia Sheldon presented a claim for medical expenses incurred by her. Leticia Sheldon was insured by your company for health benefits on Policy No. 0072715. All premium payments on the policy were current and the policy was in force at the time of the medical expenses.

A claim was submitted to you as set out in detail in Exhibit 1. Although the claim was submitted in proper form and within the time specified in the insurance policy, you have refused to pay the claim as explained in Exhibit 1. There is no justified basis for your refusal to pay the total amount of the claim.

SCANNED
AUG 0 6 2003

Under your policy, she had insurance coverage to cover the medical expenses debt of $ 16,688.22. However, you have refused to pay the claim of $ 16,688.22 to the insured, Leticia Sheldon.

It is our contention that your actions constitute unfair and deceptive acts or practices in the business of insurance in violation of Article 21.21 Section 16, of the Texas Insurance Code. Specifically, your failure to pay our client's claim as presented by her establishes that the representations made when she purchased your insurance policy were false and in violation of Section 4 of Article 21.21. You have failed to effectuate a prompt, fair, and equitable settlement of a claim for which liability has become clear. You have also failed to conduct an adequate investigation of her claim and our client's resulting damages.

Based on the information now available to me, and for the purpose of this notice letter, we estimate that our client's actual damages and expenses are $ 16,688.22 which are fully outlined and explained in Exhibit 1. Of course, I reserve the right to adjust this amount to conform to the information and evidence that will be available to me at the time of trial should litigation become necessary.

Our client has incurred reasonable attorney fees through our efforts to resolve this matter. To date, our fees total $ 1,600.00. If this claim is not resolved within the next sixty days, the amount of time spent on this claim and the amount of attorney fees will dramatically increase. Under the contract of employment with our client, our firm has been assigned an interest in this claim against you.

The purpose of this letter is to seek to resolve our client's claim in a fair and equitable manner without the need for further legal action. In the event you fail to timely respond to this letter or fail to respond with an acceptable offer of settlement, we will have no alternative but to assist our client in exercising her full legal rights. Should a lawsuit be filed, I will prosecute our claims under Article 21.21 of the Texas Insurance Code and will seek all actual damages incurred by our client to the fullest extent allowed by law, including, but not limited to, damages for unpaid policy benefits, mental anguish, expenses, and attorney fees allowed by law.

SCANNED

AUG 0 6 2003

It is our intention to refrain from pursuing other legal remedies for the next sixty days to give you an opportunity to reevaluate our client's claim. Please contact me within that time period if you have any interest in resolving this matter without the necessity of litigation. We look forward to hearing from you soon.

Respectfully,

Guillermo Vega, Jr.
Attorney at Law

CC:   Leticia Sheldon

SCANNED
AUG 0 6 2003

**CLINICA
DE LEON Y GARZA**

The Prudential Insurance Company of America
Group No: 0072715
466-69-558-01

Patient:    Leticia S Sheldon
S.S. No.    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
Admission:    1-Mar-99
Dismissal:    7-Mar-99

## HOSPITAL SERVICES

| HOSPITAL | UNITS | UNITARY PRICE | TOTAL PRICE |
|---|---|---|---|
| Emergency Room | 1hr. | 800.00 | 800.00 |
| Operating Room | 5:30 hrs. | 500.00 | 3,000.00 |
| Recuperation Room | 1hr. | 200.00 | 200.00 |
| Resident Room | 7 days | 180.00 | 1,260.00 |
| Ambulance | | 200.00 | 200.00 |
| **Material and Equipment** | | | |
| syringe 3ml | 3 | 0.80 | 2.40 |
| syringe 10ml | 2 | 1.40 | 2.80 |
| syringe 20ml | 2 | 2.00 | 4.00 |
| syringe 5ml | 11 | 1.00 | 11.00 |
| surgical gloves | 6 | 5.35 | 32.10 |
| needle | 3 | 0.50 | 1.50 |
| drainage bag | 1 | 11.00 | 11.00 |
| tray foley catheter | 1 | 68.00 | 68.00 |
| scaple | 3 | 2.50 | 7.50 |
| gauze | 19 | 4.80 | 91.20 |
| silk suture | 1 | 27.00 | 27.00 |
| chromic suture | 4 | 15.00 | 60.00 |
| nasal catheter | 1 | 15.00 | 15.00 |
| vicryl suture | 1 | 22.00 | 22.00 |
| nylon suture | 1 | 21.00 | 21.00 |
| electrodes | 3 | 7.00 | 7.00 |
| electro surgical cutting | | 150.00 | 150.00 |
| elastic bandage 30cm | 7 | 6.00 | 42.00 |
| elastic bandage 15cm | 2 | 5.50 | 11.00 |
| stapler | 2 | 70.00 | 140.00 |
| disposable gloves | 10 | 1.00 | 10.00 |
| disposable underpads | 7 | 16.50 | 115.50 |
| shave set | 1 | 25.00 | 25.00 |
| enema | 4 | 10.00 | 40.00 |
| catether IV | 2 | 8.00 | 16.00 |
| feminne napkins | 1package | 10.50 | 10.50 |
| oxygen | | 110.00 | 110.00 |
| preperation kit | 1 | 30.00 | 30.00 |
| pack gown Xlarge | 2 | 25.00 | 50.00 |
| tray skin scrub | 2 | 19.50 | 39.00 |

SCANNED

| Group No. | | | Branch | |
|---|---|---|---|---|
| | | | | |

**TO BE COMPLETED BY EMPLOYEE OR MEMBER**

Name and Home Address (Please print)

| Last | First | Middle Initial | Social Security Number | | Employment status | Date of Birth |
|---|---|---|---|---|---|---|
| Sheldon | LETICIA | S | 4|6|6|9|5|5|5|8 | ☐ Male ☑ Female | ☑ Active ☐ Retired | Mo. 6 | Day 13 |

| Number Street | City | State | Zip Code | Marital Status: |
|---|---|---|---|---|
| 2620 Redwood | BROWNSVILLE | TX | 78521 | ☐ Single ☐ Divorce ☑ Married ☐ Widow |

| Home phone # | Name, address, and phone # of employee's employer |
|---|---|
| 956 542 3439 | BROWNSVILLE INDEPENDENT SCHOOL DISTRICT 1888 PRICE 956 54 |

| Please indicate Spouse's name | Spouse's Social Security # | Spouse's Date of Birth | Is your Spouse employed? |
|---|---|---|---|
| MAXIMO MIKE SHELDON | 4|6|2|7|2|4|3|4|3 | Mo. 5 | Day 11 | Yr. 48 | ☐ Yes ☑ No |

Spouse's employer's name, complete address and phone #

Is patient also covered by any Group Health Plan or HMO provided by:
a.    Another employer, union, trade association, school or arrangement of coverage for individuals in a Group?   ☐ Yes   ☑ No
b.    Medicare/Medicaid, or any other federal, state, or governmental agency?   ☐ Yes   ☑ No
If either is answered "Yes," please indicate in "Remarks," the policy number, plan provider and the name and address of the employer, union, trade association, school, governmental agency, or any other arrangement for Group coverage.

Was illness or injury due, in any way, to the patient's occupation?   ☐ Yes   ☑ No        If "Yes," please describe in "Remarks."

Is claim due to an accident   ☐ Yes   ☑ No   If "Yes," give date and explain in "Remarks" where and how injury occurred.
a    If auto accident, circle whether patient was the owner, driver, passenger or pedestrian and whether vehicle was private passenger, taxi, bus, truck, or other  Also, furnish name of automobile owner, insurance company and policy number, and state in which accident occurred.
b    For all accidents: Does the patient expect to receive, or has the patient received, payment for these expenses from another source as the result of a lawsuit or settlement?   ☐ Yes   ☑ No        If "Yes," please provide details in "Remarks."

**Remarks:**   The attached Sheets of PAPER. THE AMOUNTS ARE IN AMERICAN CURRENCY.

**Dependent Information/Complete only if Patient is a Dependent**

| Name of Dependent | Relationship: ☐ Spouse   ☐ Child  ☐ Other (specify): | ☐ Male ☐ Female | Date of Birth Mo. | Day | Yr | Marital Status: ☐ Single  ☐ Divorce ☐ Married  ☐ Widow |
|---|---|---|---|---|---|---|

If claim is for dependent child 19 or older:            Name and complete address of school or employer and Dependent's Social Security Nu
Is child enrolled as full-time student?   ☐ Yes   ☐ No
Is that child employed?   ☐ Yes   ☐ No

If claim is for dependent child:
Are the legal parents divorced or separated?   ☐ Yes   ☐ No        Name of parent with custody
Is there a court decree establishing financial responsibility for medical expenses for this child?   ☐ Yes   ☐ No
Name of parent with responsibility
Does this parent have medical coverage for dependents?   ☐ Yes   ☐ No        Name and address of carrier:

| Be sure to complete for each claim Nature of illness | Number of Bills Attached | Covers Period From | | | To | | | Total Charges |
|---|---|---|---|---|---|---|---|---|
| EMERGENCY   OPERATION | 3 PAGES | Mo 2 | Day 1 | Yr 99 | Mo 2 | Day 7 | Yr 99 | $16,688 |

**Certification of Statements**
I certify that all the above statements are correct and that the attached bills
represent actual services, dates, and fees charged to me or my eligible dependents        Employee's or Member's Signature        Da

**Patient's Authorization**
To all physicians, hospitals, medical service providers, pharmacists, employers, and all other agencies or organizations (this includes any insurers, Blue Cross-Blue Shield and prepaid health plans). I agree that Prudential or its representatives, may see  or get a copy of all medical, mental and dental  ca  drug or alcohol treatment  prescribed drug, employment and insurance coverage records which pertain to

Print Name of Patient   LETICIA  S  SHELDON

This information is for the sole use of Prudential, or the group contract holder who will process the claim. Unless a law requires it  information will not be  an identifiable form to any other persons unless I agree to its release in writing. The authorization may be used for no longer than the duration of the  ne year after the date it is signed unless revoked  A photocopy of this form is as valid as the original. The person signing this form ma  further request

*Leticia S Sheldon*        4-8-99        **SCANNED**



CLINICA
DE LEON Y GARZA

# HOSPITAL SERVICES

| HOSPITAL | UNITS | UNITARY PRICE | TOTAL PRICE |
|---|---|---|---|
| **Material and Equipment** | | | |
| drain succion srt | 7 days | 7 days | 150.00 |
| infusion set | 2 | 12.00 | 12.00 |
| pad grounding pencil | 1 | 40.00 | 40.00 |
| sponge gelfoam 100 | 2 | 98.00 | 196.00 |
| set instruments | 2 | 18.00 | 36.00 |
| epidural spinal hypodermic | 1 | 15.00 | 15.00 |
| oxygen mask | 1 | 25.00 | 25.00 |
| epidural tray | 1 | 250.00 | 250.00 |
| datascope | | 250.00 | 250.00 |
| dinamap | | 250.00 | 250.00 |
| oximeter | | 250.00 | 250.00 |
| **Drugs and Solutions** | | | |
| saline solution 1000 | 3 | 41.75 | 125.25 |
| mixed solution 1000 | 2 | 41.75 | 83.50 |
| gluco solution 1000 | 4 | 41.75 | 167.00 |
| hartman solution 1000 | 2 | 41.75 | 83.50 |
| saline solutio 500 | 1 | 35.40 | 35.40 |
| metronidozal 500 (antibiotic | 12 | 15.00 | 180.00 |
| atropine | 2 | 3.00 | 6.00 |
| lidocaine w/epenefrine | 2 | 25.30 | 50.60 |
| marcaine | 2 | 28.00 | 56.00 |
| keflin | 8 | 13.15 | 105.20 |
| keflex | 1 | 85.95 | 85.95 |
| tempra | 1 | 25.00 | 25.00 |
| valium | 1 | 15.00 | 15.00 |
| premarin | 1 | 42.85 | 42.85 |
| primperan | 6 | 2.50 | 15.00 |
| sterile water | 22 | 0.80 | 17.60 |
| nubain | 1 | 16.00 | 16.00 |
| terngesic | | 55.87 | 55.87 |
| tradol | 2 | 15.00 | 30.00 |
| verased | 1 | 17.00 | 17.00 |
| ranisen | | 15.00 | 15.00 |
| lasix | 1 | 7.00 | 7.00 |



SCANNED
AUG 0 6 2003

**CLINICA DE LEON Y GARZA**

# HOSPITAL SERVICES

**Laboratory**

| | | |
|---|---:|---:|
| CBC | 114.00 | 114.00 |
| urine culture | 74.50 | 74.50 |
| S.M.A.C. | 150.00 | 150.00 |
| urine collection fee | 9.00 | 9.00 |
| Rh type | 32.50 | 32.50 |
| spec. Collection veni. Fee | 9.00 | 9.00 |
| hemaglobin | 29.00 | 29.00 |
| hematocrit | 29.00 | 29.00 |
| **Ultrasound** | 200.00 | 200.00 |
| **Pathology** | 200.00 | 200.00 |

**TOTAL HOSPITAL FEES**      10188.22

**Physicians Fees**

| | | | |
|---|---|---|---:|
| | | Surgeon | 3,200.00 |
| DR. HUMBERTO MIRELES | hospital visit | 1-Mar-99 | 100.00 |
| | hospital visit | 2-Mar-99 | 100.00 |
| | hospital visit | 3-Mar-99 | 100.00 |
| | hospital visit | 4-Mar-99 | 100.00 |
| | hospital visit | 5-Mar-99 | 100.00 |
| | hospital visit | 6-Mar-99 | 100.00 |
| | hospital visit | 7-Mar-99 | 100.00 |
| DR. JOSE CANO | | Assistant | 800.00 |
| DR. RENE CUELLER | | Second Assistant | 640.00 |
| DR. MARTIN SALGADO | | Anestesiologist | 960.00 |
| DR. ANTONIO CAVAZOS | | Radiologist | 200.00 |

**TOTAL PHYSCIANS FEES**      6,500.00





SCANNED AUG 0 6 2003



**UNITED STATES POSTAL SERVICE**

```
***** WELCOME TO *****
      BROWNSVILLE MPO
  BROWNSVILLE, TX  78520-8601
      05/27/03 04:11PM

Store  USPS        Trans   109
Wkstn  sys5005     Cashier KPVP2W
Cashier's Name     MARIA
Stock Unit Id      SIAMARIA
PO Phone Number    956-546-2411
USPS #             4879830056

 1. First Class              4.65
    Destination:   77478
    Weight:        2.00oz
    Postage Type:  PVI
    Total Cost:    4.65
    Base Rate:     0.60
            SERVICES
    Certified Mail           2.30
      70001670000571335357
    Return Receipt           1.75

Subtotal                     4.65
Total                        4.65


CreditCard                   4.65


Number of Items Sold: 1


   We APPRECIATE Your  Business
```



**U.S. Postal Service**
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)

7000 1670 0005 7133 5357

SUGAR LAND, TX  77478

| | | |
|---|---|---|
| Postage | $ 0.60 | UNIT ID: 0056 |
| Certified Fee | 2.30 | Postmark Here |
| Return Receipt Fee (Endorsement Required) | 1.75 | |
| Restricted Delivery Fee (Endorsement Required) | | Clerk: KPVP2W |
| Total Postage & Fees | $ 4.65 | 05/27/03 |

Sent To
Prudential Ins. Co. of America
Street, Apt. No.; or PO Box No.
1 Prudential Circle Mail Stop 301
City, State, ZIP+4
Sugarland, Texas 77478

PS Form 3800, May 2000        See Reverse for Instructions

SCANNED
AUG 0 6 2003

# EXHIBIT 2

SCANNED

AUG 0 6 2003

 

98 - 17

99 - 00

**Prudential**
HealthCare

# $500.00

# What this plan covers

### Prudential HealthCare POS[SM] - Rio Grande Valley Network

| | Services and Supplies must be provided or authorized by a network provider. | All Eligible Charges are subject to an annual deductible. |
|---|---|---|
| | **IN-NETWORK BENEFITS** | **OUT-OF-NETWORK BENEFITS** |
| **DEDUCTIBLES** | | |
| Annual Deductible (per calendar year) | None | $300 Individual; $750 Family |
| 100% Benefit Feature | Applies after $5,000 of eligible charges are incurred. (This does not apply to charges for outpatient psychiatric, alcohol and drug related care.) | Applies after $10,000 of eligible charges are incurred. (This does not apply to charges for outpatient psychiatric, alcohol and drug related care.) |
| Individual Lifetime Maximum | Unlimited | $1,000,000 |
| **PREVENTIVE CARE** | | |
| Well Baby Care | 100% after $20 copayment per visit | 60% for Hospital Services during the first 7 days after the baby's birth. |
| Immunizations | 100% after $20 copayment per visit | 60% reimbursement of Wholesale Cost of the immunization agent plus $5.00 if given during a doctors office visit. |
| Routine Health Assessments | 100% after $20 copayment per visit | 60% with a maximum payable benefit of $60 per year. |
| Bone Mass Measurements | 100% after $20 copayment per visit | 60% |
| Mammograms | 100% after $20 copayment per visit | 60% limited to one per year for women age 35 and older. |
| **PHYSICIAN SERVICES\*** | | |
| Office Visits to Health Care Providers (Primary Care and Specialty Care) | 100% after $20 copayment per visit | 60% |
| Maternity Care | First Visit: 100% after $20 copayment<br>All Other Sevices: 80% | 60%<br>60% |
| Hospital Visits | 80% | 60%\*\*\* |
| Surgery | 80% | 60% |
| **HOSPITAL SERVICES\*** | | |
| Inpatient Services (semi private room and normal daily services and supplies) | 80% | 60%\*\*\* |
| Outpatient Services | 80% | 60%\*\*\* |
| Emergency Services | 100% after $75 copayment per visit (See Medical Emergency definition) | 60%\*\*\*<br><br>\*\*\* See Out-of-Network Comments |

\*Note Mental Health has separate benefits and limits, including a separate lifetime maximum. See "Psychiatric Services"

SCANNED
AUG 0 6 2003

| | IN-NETWORK BENEFITS | OUT-OF-NETWORK BENEFITS |
|---|---|---|
| **OTHER SERVICES** | | |
| Convalescent Nursing Home Care (including Physician Services) | 80% up to 100 days per period of care** | 60% up to 60 days per period of care** |
| Home Health Care Visits | 80% | 60% up to 60 visits per calendar year** |
| Hospice Care (maximum benefit per period of care: $7,400) | 80% | 60% |
| Outpatient Private Duty Nursing | 80% | 60% ( $6,000 maximum calendar year benefit)** |
| Ambulance | 80% | 60% |
| Chemo/Radiation Therapy | 80% | 60% |
| Diagnostic X-ray and Lab Tests | 80% | 60% |
| Alcohol and Chemical Dependency (Maximum of three series of treatments per lifetime) | Treated same as any other illness | 60% |
| Speech, Physical and Occupational Therapy (Physical and Occupational therapy is limited to 90 days per calendar year) | 80% | 60% |

**All benefits and services received (whether in-network or out-of-network) count toward these limits.

**PSYCHIATRIC SERVICES**

Hospital Inpatient Services (Includes Physician Services) (limited to 30 days per calendar year)

| Inpatient Psychiatric Care | 1st 15 days | 80% | 50%*** |
|---|---|---|---|
| | Next 15 days | 60% | 50%*** |

Physician Outpatient Care ($2,500 maximum annual benefit)

| Outpatient Psychiatric Care | 1st 3 visits | 100% | 70% up to a maximum payable benefit of $56 per visit |
|---|---|---|---|
| | Remaining visits | 70% | 50% up to a maximum payable benefit of $40 per visit |

$25,000 Lifetime Maximum (In and Out-of-Network benefits combined)

NOTE: Coverage may be available for care in an Intermediate Care Facility (ICF) for up to 60 days in a calendar year. If you have a stay in both a Hospital and an Intermediate Care Facility, each two days of ICF Services reduces by one the number of days available for an Inpatient Hospital stay. Each day of an Inpatient Hospital stay reduces by two the number of days available for ICF Services.

| PRESCRIPTION DRUG BENEFITS | Participating Pharmacy | Non-Participating Pharmacy |
|---|---|---|
| 70% after separate $100 annual deductible | | |

***Out-of-Network Comments

- Call the phone number on your ID card before elective surgery or 7 days in advance of non-emergency hospital admission arranged through a non-network health care provider.
- The staff will confirm the need for medical care or precertify benefits for the initial length of your hospital stay.
- For emergencies, call within 48 hours of admission.
- For psychiatric, alcohol and drug-related care, you must call before being admitted to the hospital.
- If you don't call, call late or don't follow instructions, eligible charges for out-of-network hospital care or surgery will be reduced by 20%.



SCANNED
AUG 0 6 2003

## Definitions

### Coordination of Benefits
All benefits are subject to Coordination of Benefits. The total benefits payable under this plan for a covered person when combined with other group health plan benefits will not be more than 100% of the allowable expenses.

### Copayment (applied to in-network benefits)
The amount which a patient is required to pay to a network provider at the time of service.

### Deductible (applies to out-of-network benefits)
The amount of the covered charges which patient must pay before benefits are paid by the plan.

### 100% Benefit Feature
The amount of eligible expenses you incur. This does not include deductibles, copayments or eligible charges already payable at 100%.

### Medical Emergency
A Medical Emergency is generally defined as a sickness or injury of such a nature that failure to get immediate medical care could put a person's life in danger or cause serious harm to bodily functions.

Whether inside or outside the service area, prior authorization by a Network Physician isn't necessary for care in connection with a Medical Emergency to be considered on an in-network basis. But you must notify Prudential HealthCare within 48 hours or as soon as reasonably possible so that benefits for eligible continued care can be authorized. If the medical condition does not require immediate medical care, your Network Physician should be contacted first.

### Not Covered - Services and supplies are not covered if they are:
- For any pre-existing medical condition. This means any sickness or injury for which any charges were incurred, or services or treatment received, for medical care within 90 days before the date you become covered. But this exclusion will not apply to the first $1,000 of benefits payable, or for more than 12 months from the date you become covered or after being covered for 90 consecutive days in which no charges were incurred. Check with your employer to find out if this exclusion applies to your plan.
- For any sickness covered by Workers' Compensation or similar law or for any work-connected injury.
- Furnished by governmental plans.
- Not necessary or appropriately provided.
- Experimental, investigational or educational in nature.
- Above the provider's usual charge.
- Above the prevailing charge for services in the area.
- Furnished by a close relative or employer.
- For blood or blood plasma that has been replaced by or for the patient.
- For dental services including those for Temporomandibular Joint Disorders (TMJD) or malocclusion. (Dental services because of an accident or a malignancy are covered.)
- For treatment of foot conditions, except metabolic or peripheral vascular diseases or open-cutting operations.
- For eye exams, the routine purchase of eyeglasses, or for radial keratotomy.
- For cosmetic surgery, except for certain accidental injuries, birth abnormalities or defects, or for reconstructive surgery.
- For impregnation and fertilization procedures and surgery for sex changes or to reverse a previous surgery for voluntary sterilization.
- For sickness or injury resulting from war or any act of war occurring while covered.
- For custodial care, comfort or convenience items.
- For well newborn care furnished out-of-network (including Hospital Services provided more than 7 days after birth).
- Hearing aids.
- Replacement or repair of Medical Equipment.
- Termination of a term pregnancy outside Service Area (In-Network) unless it is for Emergency Care.

This Benefit summary is a brief outline of the services covered under the Prudential HealthCare POS plan. Refer to your Member Handbook for information regarding the administration of this plan. After you enroll, you will receive more information and benefit details. The complete terms of the coverage are governed by a contract (form series 83500) issued by The Prudential Insurance Company of America. Prudential Plaza, Newark, NJ 07102.
Prudential HealthCare POS is a service mark of The Prudential Insurance Company of America. Prudential HealthCare POS is provided by The Prudential Insurance Company of America.
SWRGC82

SCANNED
AUG 0 6 2003

Cause No. 2003-07-3828-A

| | | |
|---|---|---|
| Leticia Sheldon | § | IN THE DISTRICT COURT OF |
| | § | CAMERON COUNTY, TEXAS |
| Prudential Insurance Co. | § | 107th JUDICIAL DISTRICT |
| of America | | |

**AFFIDAVIT OF INABILITY TO PAY COSTS**

FILED 5:00 O'CLOCK P M
AURORA DE LA GARZA CLERK
- JUL 2 8 .2003
DISTRICT COURT OF CAMERON COUNTY, TEXAS
DEPUTY

THE STATE OF TEXAS
COUNTY OF CAMERON

BEFORE ME, the undersigned authority, on this day personally appeared Leticia Sheldon_____, who, after being by me duly sworn, on oath, deposed and said on his/her oath that:

1. He/She is of the age of majority and of sound mind, capable of making this affidavit, and personally acquainted with the facts stated therein.

2. He/She submits this affidavit in support of a claim of indigence, in accordance with the Texas Rules of Civil Procedures 145, whereby the District Clerk shall issue process and perform all other services required of the Clerk.

3. He/She is financially unable to pay the costs of court and give security

4. He/She has read this affidavit and the said Exhibit and by executing this affidavit, states that the above and foregoing is true and correct in all particulars.

Name: Leticia S. Sheldon
Address: 3620 Redwood Ln
Brownsville, TX - 78521
Phone: (956) 542-34-39

SUBSCRIBED AND SWORN TO BEFORE ME, on this 28th day of July, 2003, to certify which witness may hand and seal of office.

Aurora De La Garza
District Clerk
Cameron County, Texas

_____
Notary Public in and for the State of Texas
Print Name:_____
My Commission Expires:_____

By: Rosie Sheldon Sotelo DEPUTY
Rosie Sheldon Sotelo

SCANNED
AUG 0 6 2003

### QUESTIONAIRE IN SUPPORT OF AFFIDAVIT OF INABILITY

1. Are you presently employed?     Yes _____   No ✓
   (a)   If the answer is "YES", state the amount of your salary or wages per month, and give the name and address of your employer.

   _____

   (b)   If the answer is "NO", state the date of last employment and the amount of the salary and wages per month which you received.
   _JULY 2, 2003_____

2. Are you presently receiving public assistance (welfare), (food stamps), payments?
   Yes _____   No ✓
   (a)   If so, state the amount of such payments:   $_____ per month.

3. Have you received whithin the past twelve (12) months any money from any of the following sources?
   (a)   Business profession, or form of self-employment?   Yes _____   No ✓
   (b)   Rent payments, interest or dividends?   Yes _____   No ✓
   (c)   Pensions, annuities, or life insurance payments?   Yes _____   No ✓
   (d)   Gifts of inheritances?   Yes _____   No ✓
   (e)   Any other source?   Yes _____   No ✓
   If the answer to any of the above is "YES", describe each source of money and state the amount received from each during the past twelve (12) months.

   _____

4. Do you own any cash, or do you have money in a checking or savings account?
   Yes _____   No ✓

5. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?   Yes _____   No ✓
   If the answer is "YES", state the total value of the items owned.

   _____

6. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute, toward their support.

   _____

7. Have your hired an attorney to represent you?  Who has paid for such services or who shall pay for such services?   Yes ✓   No _____
   If the answer is "YES", who shall pay for such services.
   _THE LAW SUIT_

**I understand that a false statement or answer to any questions in this affidavit will subject me to penalties for perjury.**

_____

### EXHIBIT "A"

SCANNED
AUG 0 6 2003

B

Citation for Personal Service - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

No. 2003-07-003828-A                    COPY

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: PRUDENTIAL INSURANCE COMPANY OF AMERICA
BY SERVING ITS PRESIDENT,
VICE PRESIDENT, OR
REGISTERED AGENT
CT CORPORATION SYSTEM, SHIRLEY DILLON, 350 NORTH ST. PAUL STREET,
DALLAS, TX 75201
the _____ DEFENDANT _____ , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said PETITION was filed on JULY 28, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-07-003828-A.

The style of the case is:

LETICIA SHELDON
VS.
PRUDENTIAL INSURANCE COMPANY OF AMERICA

Said petition was filed in said court by HON. GUILLERMO VEGA, JR.
(Attorney for PLAINTIFF ), whose address is
302 KINGS HIGHWAY STE 105 BROWNSVILLE TX 78520

The nature of the demand is fully shown by a true and correct copy of the Petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at Brownsville, Texas, this the 29th day of JULY , A.D. 2003.

AURORA DE LA GARZA , DISTRICT CLERK
Cameron County, Texas
974 E. Harrison St.
Brownsville, Texas 78521

By: Rosie Sheldon Soto , Deputy

Citation for Personal Service   - BY CERTIFIED MAIL    Lit. Seq. # 5.002.01

No. 2003-07-003828-A     **ORIGINAL**

T H E    S T A T E    O F    T E X A S

NOTICE TO DEFENDANT: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

TO: PRUDENTIAL INSURANCE COMPANY OF AMERICA
BY SERVING ITS PRESIDENT,
VICE PRESIDENT, OR
REGISTERED AGENT,
CT CORPORATION SYSTEM, SHIRLEY DILLON, 350 NORTH ST. PAUL STREET,
DALLAS, TX 75201
the     DEFENDANT     , GREETING:

You are commanded to appear by filing a written answer to the

PLAINTIFF'S ORIGINAL PETITION

at or before 10:00 o'clock a.m. of the Monday next after the expiration of 20 days after the date of service of this citation before the Honorable District Court 107th Judicial District of Cameron County, Texas at the Courthouse of said county in Brownsville, Texas. Said     PETITION     was filed on JULY 28, 2003 . A copy of same accompanies this citation.

The file number of said suit being No. 2003-07-003828-A.

The style of the case is:

LETICIA SHELDON
VS.
PRUDENTIAL INSURANCE COMPANY OF AMERICA

Said petition was filed in said court by
(Attorney for     PLAINTIFF
302 KINGS HIGHWAY STE 105 BROWNSVILLE TX 7852

The nature of the demand is fully shown b
Petition accompanying this citation and made

The officer executing this writ shall pr
requirements of law, and the mandates thereof
directs.

Issued and given under my hand and seal
Texas, this the 29th day of JULY , A.D.

| ATTACH RETURN RECEIPTS WITH ADDRESSEE'S SIGNATURE |
|---|

Rule 106 (a)(2): The citation shall be served by mailing to the defendant by Certified Mail, Return Receipt Requested, a true copy of the citation.

Sec. 17.027, Rules of Civil Practice and Remedies Code, if not prepared by Clerk of Court.

| NAME OF PREPARER | TITLE |
|---|---|
| ADDRESS | |
| CITY | STATE | ZIP |

CERTIFICATE OF DELIVERY OF MAIL

I hereby certify that on the 29th of

JULY   2003,  I mailed to

PRUDENTIAL INSURANCE COMPANY OF AMERICA

by registered mail or certified mail, with delivery restricted to addressee only, return receipt requested, a true copy of this citation with a copy of the petition attached hereto.

CERTIFIED MAIL NO.   9582-0341
RETURN RECEIPT REQUESTED
DELIVER TO ADDRESSEE ONLY

  AURORA DE LA GARZA  , District Clerk
Cameron County, Texas

By: _Rosie Sheldon Setelo_ , Deputy

No. 2003-07-3828-A



| | | |
|---|---|---|
| LETICIA SHELDON | § | IN THE DISTRICT COURT |
| Plaintiff, | § § § | |
| VS. | § | OF CAMERON COUNTY TEXAS |
| PRUDENTIAL INSURANCE COMPANY OF AMERICA | § § § | |
| Defendant. | § | 107TH JUDICIAL DISTRICT |

## DEFENDANT'S MOTION TO TRANSFER
## VENUE AND ORIGINAL ANSWER SUBJECT THERETO

Defendant Aetna Life Insurance Company, as Administrator for The Prudential Insurance Company of America ("Defendant") files this motion to transfer venue and original answer subject thereto in response to Plaintiff's Original Petition filed by Plaintiff Leticia Sheldon ("Plaintiff"), and in support thereof, respectfully alleges the following:

### Motion to Transfer Venue

1.     Introduction.  Although Plaintiff filed this action in Cameron County, none of the factual allegations in Plaintiff's Petition, even if true, would show that venue is proper in Cameron County, Texas.  In fact, under the general venue rule of the Texas Civil Practices and Remedies Code, Cameron County is not a proper venue.  Instead, Dallas County is a proper venue, and this action should be transferred there accordingly.

2.     Venue Is Not Proper In Cameron County.  Under Texas Civil Practices and Remedies Code § 15.002(a), this suit must be brought in either: (1) the county where all or a substantial part of the events giving rise to the claim occurred; or (2) the county of the defendant's principal office in Texas.  Defendant denies that all or a substantial part of the alleged events giving rise to this lawsuit occurred in, and that Defendant has its principal office

in Texas in Cameron County. Furthermore, Defendant specifically denies any assertion or allegation in Plaintiff's Petition, if any, that would indicate venue is proper in Cameron County.

3.    While Plaintiff's causes of action against Defendant are based on the alleged denial of a claim for health benefits under a health benefit plan, the administration of claims for this plan did not occur in Cameron County, Texas. Thus, Cameron County is not where the alleged events giving rise to Plaintiff's claims in this lawsuit occurred. Additionally, Cameron County is not the location of Defendant's principal offices in Texas. Neither The Prudential Insurance Company of America nor Aetna Life Insurance Company has a principal office in Texas in Cameron County. Therefore, by filing this action in Cameron County, Texas, Plaintiff has violated the general venue rule. *See* TEX. CIV. PRAC. REM. CODE ANN. §15.002(a).

4.    <u>Venue Is Proper In Dallas County, Texas</u>. Aetna Life Insurance Company, Administrator for The Prudential Insurance Company of America, has a principal office in Texas in Dallas County, Texas. Therefore, under the general venue rule, venue is proper in Dallas County, Texas, where, *inter alia*, Defendant's principal office is located.

### Original Answer

5.    Subject to its motion to transfer venue, Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, reserving the right to amend its pleadings subsequently to present its special exceptions to the Plaintiff's Original Petition, its affirmative defenses, its special denials, other pleas and defenses, and its own claims.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Aetna Life Insurance Company prays the Court transfer this action to Dallas County, Texas, and that upon final hearing the Court enter judgment that Plaintiff take nothing and that Defendant be awarded its costs of court and such other and further relief to which it may be justly entitled.

ANDREWS & KURTH L.L.P.

BY: *Norton A. Colvin / Esq*

John B. Shely
State Bar No. 18215300
Dimitri Zgourides
State Bar No. 00785309
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4105
Facsimile:  (713) 220-4285

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Norton A. Colvin, Jr.
State Bar No. 04632100
Marjory Nell Colvin Batsell
State Bar No. 04631400
1201 East Van Buren Street
Brownsville, Texas 78520
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

ATTORNEYS FOR AETNA LIFE
INSURANCE COMPANY, AS
ADMINISTRATOR FOR THE
PRUDENTIAL INSURANCE COMPANY
OF AMERICA

-3-

## CERTIFICATE OF SERVICE

A copy of this document has been forwarded by U.S. mail, certified, return receipt requested, on August 22, 2003 to:

Guillermo Vega, Jr.
302 Kings Highway, Suite 105
Brownsville, Texas 78521

Norton A. Colvin, Jr.

No. 2003-07-3828-A

| | | |
|---|---|---|
| LETICIA SHELDON | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | OF CAMERON COUNTY TEXAS |
| | § | |
| PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA | § | |
| | § | |
| Defendant. | § | 107TH JUDICIAL DISTRICT |

## NOTICE OF REMOVAL OF STATE COURT ACTION

TO:    Plaintiff Leticia Sheldon, by and through her attorney of record, Guillermo Vega, Jr., 302
       Kings Highway, Suite 105, Brownsville, Texas 78521.

You are hereby notified that on the 28th day of August, 2003, a Notice of Removal of

Civil Action, a true and correct copy of which is attached hereto, was filed in the United States

District Court for the Southern District of Texas, Brownsville Division. The Notice of Removal

was filed in reference to cause number 2003-07-3828-A, styled *Leticia Sheldon v. Prudential

Insurance Company of America*, then pending in the 107th Judicial District Court of Cameron

County, Texas.

Respectfully submitted,

JOHN B. SHELY *by permission McKostell*
Attorney-in-Charge
State Bar No. 00785309
ANDREWS & KURTH L.L.P.
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4105
Facsimile: (713) 220-4285

NORTON A. COLVIN, JR.
State Bar No. 04632100
MARJORY NELL COLVIN BATSELL
State Bar No. 04631400
RODRIGUEZ, COLVIN & CHANEY, L.L.P.
1201 East Van Buren Street
Brownsville, Texas 78520
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

ATTORNEYS FOR DEFENDANT
AETNA LIFE INSURANCE COMPANY
AS ADMINISTRATOR FOR THE
PRUDENTIAL LIFE INSURANCE
COMPANY OF AMERICA

## CERTIFICATE OF SERVICE

A copy of this document has been forwarded by U.S. mail, certified, return receipt requested, on August 28 , 2003 to:

Guillermo Vega, Jr.
302 Kings Highway, Suite 105
Brownsville, Texas 78521

Norton A. Colvin, Jr. *by permission McKostell*

-2-

HOU.2199902.1

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **LETICIA SHELDON** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** B-03-150. |
| **VS.** | § | |
| | § | |
| **PRUDENTIAL INSURANCE** | § | |
| **COMPANY OF AMERICA** | § | |
| | § | |
| **Defendant.** | § | |

## INDEX OF MATTERS BEING FILED
## WITH THE NOTICE OF REMOVAL

Civil Cover Sheet

State Court Docket Sheet

List of Counsel of Record

| Exhibits to the Notice of Removal | Exhibit |
|---|---|
| Plaintiff's Original Petition | A |
| Executed Citation for Defendant | B |
| Defendant's Original Answer | C |
| Notice of Removal of State Court Action | D |

HOU:2199868.1

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **LETICIA SHELDON** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO.  B-03-150** |
| | § | |
| **PRUDENTIAL INSURANCE** | § | |
| **COMPANY OF AMERICA** | § | |
| | § | |
| **Defendant.** | § | |

## LIST OF COUNSEL OF RECORD

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| Leticia Sheldon<br>Plaintiff | Guillermo Vega, Jr.<br>State Bar No. 20533700<br>302 Kings Highway, Suite 105<br>Brownsville, Texas 78521<br>Telephone:     (956) 546-5573<br>Facsimile:     (956) 542-1977 |

| **Party and Party Type** | **Attorney(s)** |
|---|---|
| Aetna Life Insurance Company,<br>*as Administrator for*<br>The Prudential Life Insurance<br>Company of America<br>Defendant | John B. Shely<br>State Bar No. 18215300<br>Southern District No. 7544<br>Attorney-in-Charge<br>Andrews & Kurth L.L.P.<br>600 Travis Street, Suite 4200<br>Houston, Texas 77002<br>Telephone:     (713) 220-4200<br>Facsimile:     (713) 220-4285 |

(continued)

Norton A. Colvin, Jr.
State Bar No. 04632100
Southern District No. 1941
Marjory Colvin Batsell
State Bar No. 04631400
Southern District No. 3983
Rodriguez, Colvin & Chaney, L.L.P.
1201 East Van Buren Street
Post Office Box 2155
Brownsville, Texas 78522
Telephone:  (956) 542-7441
Facsimile:  (956) 541-2170