United States District Court
Southern District of Texas
FILED

SEP 1 2 2003

Michael N. Milby
Clerk of Court

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **LETICIA SHELDON** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **VS.** | § | **CIVIL ACTION NO. B-03-150** |
| | § | |
| **PRUDENTIAL INSURANCE** | § | |
| **COMPANY OF AMERICA** | § | |
| **Defendant** | § | |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL OF CIVIL ACTION

LETICIA SHELDON is a Plaintiff in a civil action pending in state court and files this Plaintiff's Response to Defendant's Notice of Removal of a civil action. The grounds in support of this Plaintiff's Response to Defendant's Notice of Removal are as follows:

1.      **The State Court Action**. Plaintiff filed a civil action on July 28, 2003, in the 107th Judicial District Court of Cameron County, Texas, under cause number 2003-07-3828-A. The Plaintiff's Original Petition is attached as Exhibit A which is to recover a claim for medical expenses in the amount of $16,688.22 pursuant to Article 21.21 of the Texas Insurance Code.

2.      **Plaintiff's First Amended Original Petition**. Plaintiff's First Amended Original Petition was filed on September 3, 2003. Brownsville Independent School District was added as a Defendant to this cause of action for denying the claim of Leticia Sheldon. Brownsville Independent School District has its principal main office in Brownsville, Cameron County, Texas and thus venue is proper in Cameron County Texas pursuant to Section 15.005 of the Texas Civil Practice and Remedies Code. The

Plaintiff's First Amended Original Petition is attached as Exhibit B and is also on a claim

for medical expenses in the amount of $16,688.22 pursuant to Article 21.21 of the Texas

Insurance Code.

      3.      **Venue is proper in Cameron County Texas**. Plaintiff, Leticia Sheldon,

was a resident of Cameron County, Texas at the time of the incident and is still a resident

of Cameron County, Texas to the present day. Venue of this action is proper in Cameron

County Texas because the cause of action accrued in whole or in part in Cameron County

Texas. In addition, Co-Defendant, Brownsville Independent School District is a resident

of Cameron County, Texas and Plaintiff, Leticia Sheldon, is a resident of Cameron

County, Texas. According to Article 15.032 of the Civil Practice and Remedies Code a

suit on a policy may be brought against any life insurance company, or accident

insurance company, or life and accident, or life, <u>health</u>, and accident insurance company

in the county in which the company's principal office in this state is located or <u>in the

county in which the loss has occurred or in which the policyholder or beneficiary

instituting the suit resided at the time the cause of action accrued</u>. Therefore venue is

proper in Cameron County, Texas.

      4.      **Notice of Response filed.** Promptly after filing this Plaintiff's

Response to Defendant's Notice of Removal, written notice thereof will be given to

Defendant and a copy of this Plaintiff's Response to Defendant's Notice of Removal will

be filed as provided by law. (A true and correct copy of the Notice being filed is attached

hereto as Exhibit C).

      WHEREFORE, Leticia Sheldon, as a Plaintiff, prays that the cause of action be

remanded from the United States District Court for the Southern District of Texas,

Brownsville Division to the State District Court because venue is proper in Cameron County, Texas.

Respectfully submitted,

By: _____
Guillermo Vega, Jr.
Texas Bar No. 20533700
302 Kings Highway, Suite 105
Brownsville, Texas 78521
Tel. (956)546-5573
Fax. (956)542-1977
Fed. I.D.# 1946
Attorney for Plaintiff
LETICIA SHELDON

## CERTIFICATE OF SERVICE

A copy of this document has been forwarded by certified mail, return receipt requested, on September _12th_, 2003 to:

Norton A. Colvin
Attorney at Law
1201 East Van Buren Street
Brownsville, Texas 78520

_____
Guillermo Vega, Jr.

# Exhibit A

No. 2003-C7-3818-A

FILED: _____ O'CLOCK ____ M
AURO?? DE LA GARZA, CLERK
JUL 2 8 2003
DISTRICT COURT OF CAMERON COUNTY TEXAS

| | | |
|---|---|---|
| LETICIA SHELDON | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | OF CAMERON COUNTY TEXAS |
| PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA | § | _107_ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

LETICIA SHELDON plaintiff, files the Original Petition against Prudential Insurance Company of America, Defendant, and would show:

### I.

LETICIA SHELDON, Plaintiff, is a resident of Brownsville, Cameron County, Texas.

Prudential Insurance Company of America, Defendant is a Foreign corporation with its principal place of business in Newark, NJ doing business in the State of Texas. Defendant may be served with citation by serving its President, Vice President, or Registered Agent CT Corporation System, Shirley Dillon at 350 North St Paul Street, Dallas, Texas 75201.

### II.

Venue of this action is proper in Cameron County because the cause of action accrued in whole or in part in Cameron County.

### III.

Plaintiff purchased a Health Insurance Policy No. 0072715 from Defendant providing health coverage between 10-01-1997 and 09-30-2000. The policy insured medical expenses made by Leticia Sheldon. At all times material to this action, the insurance policy was in full force and effect. Notice of the claims made in this lawsuit, including plaintiff's specific complaints, the amount of actual damages sustained, and the amount of attorney fees and expenses incurred, were given in the manner and form required by TEX. INS. CODE Article 21.21 § 16 (e) at least sixty days before this lawsuit was filed. A copy of the letter is attached; marked Exhibit 1, and made a part of this lawsuit.

IV.

## The Claim

On or about 03-01-99 during the policy period, the insured suffered substantial damage as a result of chronic pelvic pain, symptomatic third-degree uterine prelapse and stress urinary incontinence which resulted in Plaintiff's incurring expenses for medical treatment. Plaintiff gave notice of this loss and complied with the terms of the policy. Defendant chose to ignore competent medical evaluations of the Plaintiff's physical condition and instead chose to deny Plaintiff's policy benefits based on its own inadequate investigation and evaluation of this claim even though an insurer of ordinary prudence and care would have done otherwise.

V.

## Causes of Action

The facts stated in the preceding paragraph give rise to the following causes of action.

A.    Texas Insurance Code violations.   The oral and written misrepresentations of Defendant and its local recording agent constitute actionable misrepresentations under Article 21.21, Section 4. Defendant has also engage in unfair or deceptive acts or practices in the business of insurance. Defendant's violations of the rules and regulations of the Texas Department of Insurance constitute unfair deceptive acts or practices in the business of insurance in that: (1) Defendant has failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim after liability under the insurance policy became reasonably clear; (2) Defendant has compelled Plaintiff to institute this suit to recover amount due under the policy of insurance by failing to offer to pay Plaintiff the policy benefits to which Plaintiff is entitled and which Plaintiff will ultimately recover in this suit. This conduct constitute unfair or deceptive trade practices in the business of insurance as defined in Article 21.21-2 of the Texas Insurance Code, and which is further defined in Board Order 18663, readopted as Board Order 41060, 28 TEX. ADMIN.CODE §21.3 (a) (West 1988). Defendant's breach of the common-law duty of good faith and fair dealing, as described herein, constitutes an unfair or deceptive act or practice in the business of insurance, as defined under Board Order 41060, 28 TEX. ADMIN. CODE § 21.3 (b).

Defendant had actual awareness of the falsity, deception, and unfairness of the acts and practices described in this petition in that Defendant refused to pay the claim to the insured, Leticia Sheldon.

B.  <u>Breach of the duty of good faith and fair dealing.</u>  As a result of the relationship of the parties created by the nature of the policy of insurance and the parties unequal bargaining power.  Defendant owed and owes to Plaintiff a duty to deal fairly and in good faith.  Defendant has failed to deal in good faith.  There was and is no reasonable basis for Defendant's denial of plaintiff's claim under the policy.  Defendant also knew of should have known that there was no reasonable basis for denying the claim.  Plaintiff would show that Defendant unreasonably disregarded evidence indicating that the claim should have been paid.  A reasonable insurer under these same or similar circumstances would not have denied the claim in question.  Defendant thus breached its duty to deal fairly and in good faith with Plaintiff.

C.  <u>Breach of Contract.</u>  The conduct of Defendant constitutes a breach of the contract of insurance between Plaintiff and Defendant.  Plaintiff purchased a contract of insurance under which Defendant promised to pay policy benefits for all covered losses.  Defendant's refusal to pay benefits constitutes a breach of the contract.  As a result of this breach, Plaintiff has suffered damages, all of which were reasonably foreseeable.  A copy of the health insurance policy is attached; marked Exhibit 2, and made a part of this lawsuit.

VI.

<u>Damages</u>

The conduct described herein was a producing, proximate, and direct cause of actual damages to Plaintiff.  These damages include, but are not limited to, the full benefits payable under the policy together with the out-of-pocket expenses incurred by Plaintiff.  These damages also include mental anguish and distress suffered by Plaintiff.  Plaintiff seeks prejudgment interest at the highest lawful rate.  The amount of actual damages which should be awarded exceeds the minimum jurisdictional limits of the Court.

Because of Defendant's knowing violation of law, Plaintiff seeks mandatory treble damages pursuant to TEX. INS. CODE Art. 21.21 § 16 (b).  Defendant's acts and omissions, including its breaches of the duty of good faith and fair dealing, were grossly negligent and the result of a conscious indifference to the rights and welfare of Plaintiff.  Further, Defendant's conduct was committed knowingly, that is, with an actual awareness of the unfair nature of the conduct giving rise to Plaintiff's claim.  The denial of Plaintiff's claim was apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policyholders.  In order to punish Defendant and set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages are necessary.  Accordingly, Plaintiff seeks both

treble and exemplary damages as allowed by law which are appropriate to accomplish these goals.

Plaintiff seeks all reasonable and necessary attorney fees in this case which include fees and costs for the following: (a) preparation and trial of this lawsuit; (b) post-trial, preappeal legal services; (c) an appeal to the court of appeals; (d) making or responding to an application for writ of error to the Supreme Court of Texas; (e) an appeal to the Supreme Court of Texas in the event application for writ of error is granted; and (f) postjudgment discovery and collection in the event execution on the judgment is necessary.

## VII.

### Prayer

Plaintiff asks that Defendant be cited according to law to appear and answer this lawsuit, and after final trial, Plaintiff seeks the following relief: (a) a judgment for all of Plaintiff's actual damages and exemplary, or alternatively, treble damages in the full amount allowed by law; (b) a judgment for prejudgment and postjudgment interest in the highest amount allowed by law; (c) a judgment for attorney fees and costs of court; and (d) such other relief to which Plaintiff may be entitled.

Respectfully submitted,

Guillermo Vega, Jr.
Texas Bar No. 20533700
302 Kings Highway, Suite 105
Brownsville, Texas 78521
Tel. (956)546-5573
Fax. (956)542-1977

Attorney for Plaintiff
LETICIA SHELDON

# EXHIBIT 1

# Guillermo Vega, Jr.
## Attorney at Law

(956) 546-5573   Telephone                                  302 Kings Highway S
(956) 542-1977   Telefax                                    Brownsville, Texas

May 23, 2003

Prudential Insurance Company of America
1 Prudential Circle Mail Stop 301
Sugarland, Texas  77478
1-800-648-4489

Re:   Insured:   Leticia Sheldon
      Policy No:  0072715
      Claim No:  8991031901144-02000

Gentlemen:

Our firm has been retained to represent Leticia Sheldon with respect to a claim that she has against you.  Please direct all future communications concerning this matter to me.  We write today to discuss several acts and omissions on your part which constitute a violation of Article 21.21 of the Texas Insurance Code.

Leticia Sheldon presented a claim for medical expenses incurred by her. Leticia Sheldon was insured by your company for health benefits on Policy No. 0072715.  All premium payments on the policy were current and the policy was in force at the time of the medical expenses.

A claim was submitted to you as set out in detail in Exhibit 1.  Although the claim was submitted in proper form and within the time specified in the insurance policy, you have refused to pay the claim as explained in Exhibit 1.  There is no justified basis for your refusal to pay the total amount of the claim.

Under your policy, she had insurance coverage to cover the medical expenses debt of $ 16,688.22. However, you have refused to pay the claim of $ 16,688.22 to the insured, Leticia Sheldon.

It is our contention that your actions constitute unfair and deceptive acts or practices in the business of insurance in violation of Article 21.21 Section 16. of the Texas Insurance Code. Specifically, your failure to pay our client's claim as presented by her establishes that the representations made when she purchased your insurance policy were false and in violation of Section 4 of Article 21.21. You have failed to effectuate a prompt, fair, and equitable settlement of a claim for which liability has become clear. You have also failed to conduct an adequate investigation of her claim and our client's resulting damages.

Based on the information now available to me, and for the purpose of this notice letter, we estimate that our client's actual damages and expenses are $ 16,688.22 which are fully outlined and explained in Exhibit 1. Of course, I reserve the right to adjust this amount to conform to the information and evidence that will be available to me at the time of trial should litigation become necessary.

Our client has incurred reasonable attorney fees through our efforts to resolve this matter. To date, our fees total $ 1,600.00. If this claim is not resolved within the next sixty days, the amount of time spent on this claim and the amount of attorney fees will dramatically increase. Under the contract of employment with our client, our firm has been assigned an interest in this claim against you.

The purpose of this letter is to seek to resolve our client's claim in a fair and equitable manner without the need for further legal action. In the event you fail to timely respond to this letter or fail to respond with an acceptable offer of settlement, we will have no alternative but to assist our client in exercising her full legal rights. Should a lawsuit be filed, I will prosecute our claims under Article 21.21 of the Texas Insurance Code and will seek all actual damages incurred by our client to the fullest extent allowed by law, including, but not limited to, damages for unpaid policy benefits, mental anguish, expenses, and attorney fees allowed by law.

It is our intention to refrain from pursuing other legal remedies for the next sixty days to give you an opportunity to reevaluate our client's claim. Please contact me within that time period if you have any interest in resolving this matter without the necessity of litigation. We look forward to hearing from you soon.


Respectfully,

Guillermo Vega, Jr.
Attorney at Law


CC:   Leticia Sheldon

CLINICA
DE LEON Y ...RZA

The Prudential Insurance Company of America
Group No: 0072715
466-69-558-01

Patient: Leticia S Sheldon
S.S. No. 466-69-558
Admission: 1-Mar-99
Dismissal: 7-Mar-99

## HOSPITAL SERVICES

| HOSPITAL | UNITS | UNITARY PRICE | TOTAL PRICE |
|---|---|---|---|
| Emergency Room | 1hr. | 800.00 | 800.00 |
| Operating Room | 5:30 hrs. | 500.00 | 3,000.00 |
| Recuperation Room | 1hr. | 200.00 | 200.00 |
| Resident Room | 7 days | 180.00 | 1,260.00 |
| Ambulance | • | 200.00 | 200.00 |
| **Material and Equipment** | | | |
| syringe 3ml | 3 | 0.80 | 2.40 |
| syringe 10ml | 2 | 1.40 | 2.80 |
| syringe 20ml | 2 | 2.00 | 4.00 |
| syringe 5ml | 11 | 1.00 | 11.00 |
| surgical gloves | 6 | 5.35 | 32.10 |
| needle | 3 | 0.50 | 1.50 |
| drainage bag | 1 | 11.00 | 11.00 |
| tray foley catheter | 1 | 68.00 | 68.00 |
| scaple | 3 | 2.50 | 7.50 |
| gauze | 19 | 4.80 | 91.20 |
| silk suture | 1 | 27.00 | 27.00 |
| chromic suture | 4 | 15.00 | 60.00 |
| nasal catheter | 1 | 15.00 | 15.00 |
| vicryl suture | 1 | 22.00 | 22.00 |
| nylon suture | 1 | 21.00 | 21.00 |
| electrodes | 3 | 7.00 | 7.00 |
| electro surgical cutting | | 150.00 | 150.00 |
| elastic bandage 30cm | 7 | 6.00 | 42.00 |
| elastic bandage 15cm | 2 | 5.50 | 11.00 |
| stapler | 2 | 70.00 | 140.00 |
| disposable gloves | 10 | 1.00 | 10.00 |
| disposable underpads | 7 | 16.50 | 115.50 |
| shave set | 1 | 25.00 | 25.00 |
| enema | 4 | 10.00 | 40.00 |
| catether IV | 2 | 8.00 | 16.00 |
| feminne napkins | 1package | 10.50 | 10.50 |
| oxygen | | 110.00 | 110.00 |
| preperation kit | 1 | 30.00 | 30.00 |
| pack gown Xlarge | 2 | 25.00 | 50.00 |
| tray skin scrub | 2 | 19.50 | 39.00 |

Group No. | | | |

**TO BE COMPLETED BY EMPLOYEE OR MEMBER**

Name and Home Address (Please print)

| Last | First | Middle initial | Social Security Number | | Employment status | Date Mo. |
|------|-------|----------------|------------------------|--|-------------------|----------|
| Sheldon | LETICIA | S | 4 6 6 9 5 5 5 8 | ☐ Male ☑ Female | ☑ Active ☐ Retired | 6 |

| Number | Street | City | State | Zip Code | Marital Status: |
|--------|--------|------|-------|----------|-----------------|
| 2620 | Redwood | Brownsville | TX | 78521 | ☐ Single ☑ Married |

| Home phone # | Name, address, and phone # of employee's employer |
|--------------|---------------------------------------------------|
| 956 542 3439 | Brownsville Independent School District 1888 Price 9 |

| Please indicate Spouse's name | Spouse's Social Security # | Spouse's Date of Birth Mo. Day Yr. | Is your employer |
|-------------------------------|----------------------------|------------------------------------|------------------|
| MAXIMO MIKE SHELDON | 4 6 2 7 2 2 3 4 3 | 5 11 48 | ☐ Yes |

Spouse's employer's name, complete address and phone #

---

Is patient also covered by any Group Health Plan or HMO provided by:

a. Another employer, union, trade association, school or arrangement of coverage for individuals in a Group?   ☐ Yes   ☑ No

b. Medicare/Medicaid, or any other federal, state, or governmental agency?   ☐ Yes   ☑ No

If either is answered "Yes," please indicate in "Remarks" the policy number, plan provider and the name and address of the employer, union, association, school, governmental agency, or any other arrangement for Group coverage.

Was illness or injury due in any way, to the patient's occupation?   ☐ Yes   ☑ No   If "Yes," please describe in "Remarks."

Is claim due to an accident?   ☐ Yes   ☑ No   If "Yes," give date and explain in "Remarks" where and how injury occurred.

If auto accident circle whether patient was the owner, driver, passenger or pedestrian and whether vehicle was private passenger, taxi, bus, truck, or other. Also, furnish name of automobile owner, insurance company and policy number, and state in which accident occurred.

For all accidents: Does the patient expect to receive, or has the patient received, payment for these expenses from another source as the result of a lawsuit or settlement?   ☐ Yes   ☑ No   If "Yes," please provide details in "Remarks."

Remarks: *The attached Sheets of PAPER. THE AMOUNTS AR IN AMERICAN CURRENCY.*

---

Dependent Information/Complete only if Patient is a Dependent

| Name of Dependent | Relationship: ☐ Spouse   ☐ Child ☐ Other (specify): | ☐ Male ☐ Female | Date of Birth Mo. Day Yr | Marital Status: ☐ Single ☐ Married |
|-------------------|------------------------------------------------------|-----------------|--------------------------|-------------------------------------|

If claim is for dependent child 19 or older:   Name and complete address of school or employer and Dependent's Social Se

Is child enrolled as full-time student?   ☐ Yes   ☐ No

Is that child employed?   ☐ Yes   ☐ No

If claim is for dependent child:

Are the legal parents divorced or separated?   ☐ Yes   ☐ No   Name of parent with custody _____

Is there a court decree establishing financial responsibility for medical expenses for this child?   ☐ Yes   ☐ No

Name of parent with responsibility _____

Does this parent have medical coverage for dependents?   ☐ Yes   ☐ No   Name and address of carrier:

---

Be sure to complete for each claim

| Nature of illness | Number of Bills Attached | Covers Period From Mo. Day Yr. | To Mo. Day Yr. | Total |
|-------------------|--------------------------|-------------------------------|----------------|-------|
| EMERGENCY OPERATION | 3 PAGES | 2 1 99 | 2 7 99 | $ |

**Certification of Statements**

I certify that all the above statements are correct and that the attached bills represent actual services, dates, and fees charged to me or my eligible dependents

Employee's or Member's Signature

**Patient's Authorization**

To all physicians, hospitals, medical service providers, pharmacists, employers, and all other agencies or organizations (this includes any information that Blue Shield and other health plans). I agree that Prudential or its representatives, may see or get a copy of all medical, mental and drug or alcohol treatment, prescribed drug, employment and insurance coverage records which pertain to

Print Name of Patient   *LETICIA S SHELDON*

This information is for the sole use of Prudential or the group contract holder who will process the claim. Unless a law requires it, information in this certificate form to another persons unless I agree to its release in writing. The authorization may be used for no longer than the duration of this claim after the date signed unless revoked earlier. A photocopy of this form is as valid as the original. The release, once signed, is to superfluous issues.

*4-8-99*

**CLINICA DE LEON Y GARZA**

# HOSPITAL SERVICES

| HOSPITAL | UNITS | UNITARY PRICE | TOTAL PRICE |
|---|---|---|---|
| **Material and Equipment** | | | |
| drain succion srt | 7 days | 7 days | 150.00 |
| infusion set | 2 | 12.00 | 12.00 |
| pad grounding pencil | 1 | 40.00 | 40.00 |
| sponge gelfoam 100 | 2 | 98.00 | 196.00 |
| set instruments | 2 | 18.00 | 36.00 |
| epidural spinal hypodermic | 1 | 15.00 | 15.00 |
| oxygen mask | 1 | 25.00 | 25.00 |
| epidural tray | 1 | 250.00 | 250.00 |
| datascope | | 250.00 | 250.00 |
| dinamap | | 250.00 | 250.00 |
| oximeter | | 250.00 | 250.00 |
| **Drugs and Solutions** | | | |
| saline solution 1000 | 3 | 41.75 | 125.25 |
| mixed solution 1000 | 2 | 41.75 | 83.50 |
| gluco solution 1000 | 4 | 41.75 | 167.00 |
| hartman solution 1000 | 2 | 41.75 | 83.50 |
| saline solutio 500 | 1 | 35.40 | 35.40 |
| metronidozal 500 (antibiotic | 12 | 15.00 | 180.00 |
| atropine | 2 | 3.00 | 6.00 |
| lidocaine w/epenefrine | 2 | 25.30 | 50.60 |
| marcaine | 2 | 28.00 | 56.00 |
| keflin | 8 | 13.15 | 105.20 |
| keflex | 1 | 85.95 | 85.95 |
| tempra | 1 | 25.00 | 25.00 |
| valium | 1 | 15.00 | 15.00 |
| premarin | 1 | 42.85 | 42.85 |
| primperan | 6 | 2.50 | 15.00 |
| sterie water | 22 | 0.80 | 17.60 |
| nubain | 1 | 16.00 | 16.00 |
| temgesic | | 55.87 | 55.87 |
| tradol | 2 | 15.00 | 30.00 |
| verased | 1 | 17.00 | 17.00 |
| ranisen | | 15.00 | 15.00 |
| lasix | 1 | 7.00 | 7.00 |



CLINICA
DE LEON Y ...RZA

## HOSPITAL SERVICES

**Laboratory**

| | | |
|---|---|---|
| CBC | 114.00 | 114.00 |
| urine culture | 74.50 | 74.50 |
| S.M.A.C. | 150.00 | 150.00 |
| urine collection fee | 9.00 | 9.00 |
| Rh type | 32.50 | 32.50 |
| spec. Collection vent. Fee | 9.00 | 9.00 |
| hemaglobin | 29.00 | 29.00 |
| hematocrit | 29.00 | 29.00 |
| **Ultrasound** | 200.00 | 200.00 |
| **Pathology** | 200.00 | 200.00 |

**TOTAL HOSPITAL FEES**          10188.22

**Physicians Fees**

| | | | |
|---|---|---|---|
| | | Surgeon | 3,200.00 |
| DR. HUMBERTO MIRELES | hospital visit | 1-Mar-99 | 100.00 |
| | hospital visit | 2-Mar-99 | 100.00 |
| | hospital visit | 3-Mar-99 | 100.00 |
| | hospital visit | 4-Mar-99 | 100.00 |
| | hospital visit | 5-Mar-99 | 100.00 |
| | hospital visit | 6-Mar-99 | 100.00 |
| | hospital visit | 7-Mar-99 | 100.00 |
| DR. JOSE CANO | | Assistant | 800.00 |
| DR. RENE CUELLER | | Second Assistant | 640.00 |
| DR. MARTIN SALGADO | | Anestesiologist | 960.00 |
| DR. ANTONIO CAVAZOS | | Radiologist | 200.00 |

**TOTAL PHYSCIANS FEES**          6,500.00



# EXHIBIT 2

**Prudentia**
HealthCare

*$500.00*

# What this plan covers

### Prudential HealthCare POS[SM] - Rio Grande Valley Network

Services and Supplies must be provided or authorized by a network provider.

All Eligible Charges are subject to an annual deductible.

| | IN-NETWORK BENEFITS | OUT-OF-NETWORK BENEFITS |
|---|---|---|
| **DEDUCTIBLES** | | |
| Annual Deductible (per calendar year) | None | $300 Individual; $750 Family |
| 100% Benefit Feature | Applies after $5,000 of eligible charges are incurred. (This does not apply to charges for outpatient psychiatric, alcohol and drug related care.) | Applies after $10,000 of eligible ch: are incurred. (This does not app charges for outpatient psychi alcohol and drug related care.) |
| Individual Lifetime Maximum | Unlimited | $1,000,000 |
| **PREVENTIVE CARE** | | |
| Well Baby Care | 100% after $20 copayment per visit | 60% for Hospital Services during the 7 days after the baby's birth. |
| Immunizations | 100% after $20 copayment per visit | 60% reimbursement of Wholesale Co the immunization agent plus $5.00 given during a doctors office visit. |
| Routine Health Assessments | 100% after $20 copayment per visit | 60% with a maximum payable benef $60 per year. |
| Bone Mass Measurements | 100% after $20 copayment per visit | 60% |
| Mammograms | 100% after $20 copayment per visit | 60% limited to one per year for wc age 35 and older. |
| **PHYSICIAN SERVICES\*** | | |
| Office Visits to Health Care Providers (Primary Care and Specialty Care) | 100% after $20 copayment per visit | 60% |
| Maternity Care | First Visit: 100% after $20 copayment  All Other Sevices: 80% | 60%  60% |
| Hospital Visits | 80% | 60%\*\*\* |
| Surgery | 80% | 60% |
| **HOSPITAL SERVICES\*** | | |
| Inpatient Services (semi private room and normal daily services and supplies) | 80% | 60%\*\*\* |
| Outpatient Services | 80% | 60%\*\*\* |
| Emergency Services | 100% after $75 copayment per visit (See Medical Emergency definition) | 60%\*\*\* |
| | | \*\*\* See Out-of-Network Comments |

\*Note Mental Health has separate benefits and limits, including a separate lifetime maximum. See "Psychiatric Services"

| | IN-NETWORK BENEFITS | OUT-OF-NETWORK BENEFITS |
|---|---|---|
| **OTHER SERVICES** | | |
| Convalescent Nursing Home Care (including Physician Services) | 80% up to 100 days per period of care** | 60% up to 60 days per period of care** |
| Home Health Care Visits | 80% | 60% up to 60 visits per calendar year** |
| Hospice Care (maximum benefit per period of care: $7,400) | 80% | 60% |
| Outpatient Private Duty Nursing | 80% | 60% ( $6,000 maximum calendar year benefit)** |
| Ambulance | 80% | 60% |
| Chemo/Radiation Therapy | 80% | 60% |
| Diagnostic X-ray and Lab Tests | 80% | 60% |
| Alcohol and Chemical Dependency (Maximum of three series of treatments per lifetime) | Treated same as any other illness | 60% |
| Speech, Physical and Occupational Therapy (Physical and Occupational therapy is limited to 90 days per calendar year) | 80% | 60% |

**All benefits and services received (whether in-network or out-of-network) count toward these limits.

| | | IN-NETWORK BENEFITS | OUT-OF-NETWORK BENEFITS |
|---|---|---|---|
| **PSYCHIATRIC SERVICES** | | | |
| Hospital Inpatient Services (Includes Physician Services) (limited to 30 days per calendar year) | | | |
| Inpatient Psychiatric Care | 1st 15 days | 80% | 50%*** |
| | Next 15 days | 60% | 50%*** |
| Physician Outpatient Care ($2,500 maximum annual benefit) | | | |
| Outpatient Psychiatric Care | 1st 3 visits | 100% | 70% up to a maximum payable benefit $56 per visit |
| | Remaining visits | 70% | 50% up to a maximum payable benefit $40 per visit |

$25,000 Lifetime Maximum (In and Out-of-Network benefits combined)

NOTE: Coverage may be available for care in an Intermediate Care Facility (ICF) for up to 60 days in a calendar year. If you have a stay in both a Hospital and an Intermediate Care Facility, each two days of ICF Services reduces by one the number of days available for an Inpatient Hospital stay. Each day of an Inpatient Hospital stay reduces by two the number of days available for ICF Services.

| **PRESCRIPTION DRUG BENEFITS** | Participating Pharmacy | Non-Participating Pharmacy |
|---|---|---|
| 70% after separate $100 annual deductible | | |

***Out-of-Network Comments
- Call the phone number on your ID card before elective surgery or 7 days in advance of non-emergency hospital admission arranged through non-network health care provider.
- The staff will confirm the need for medical care or precertify benefits for the initial length of your hospital stay.
- For emergencies, call within 48 hours of admission.
- For psychiatric, alcohol and drug-related care, you must call before being admitted to the hospital.
- If you don't call, call late or don't follow instructions, eligible charges for out-of-network hospital care or surgery will be reduced by 20%.

## Definitions

### Coordination of Benefits

All benefits are subject to Coordination of Benefits. The total benefits payable under this plan for a covered person wh[...] combined with other group health plan benefits will not be more than 100% of the allowable expenses.

### Copayment (applied to in-network benefits)

The amount which a patient is required to pay to a network provider at the time of service.

### Deductible (applies to out-of-network benefits)

The amount of the covered charges which patient must pay before benefits are paid by the plan.

### 100% Benefit Feature

The amount of eligible expenses you incur. This does not include deductibles, copayments or eligible charges already payable 100%.

### Medical Emergency

A Medical Emergency is generally defined as a sickness or injury of such a nature that failure to get immediate medical care cou[...] put a person's life in danger or cause serious harm to bodily functions.

Whether inside or outside the service area, prior authorization by a Network Physician isn't necessary for care in connection wi[...] a Medical Emergency to be considered on an in-network basis. But you must notify Prudential HealthCare within 48 hours or [...] soon as reasonably possible so that benefits for eligible continued care can be authorized. If the medical condition does n[...] require immediate medical care, your Network Physician should be contacted first.

### Not Covered - Services and supplies are not covered if they are:

- For any pre-existing medical condition. This means any sickness or injury for which any charges were incurred, or services or trea[...] received, for medical care within 90 days before the date you become covered. But this exclusion will not apply to the first $1,000 of be[...] payable, or for more than 12 months from the date you become covered or after being covered for 90 consecutive days in which no charges [...] incurred. Check with your employer to find out if this exclusion applies to your plan.
- For any sickness covered by Workers' Compensation or similar law or for any work-connected injury.
- Furnished by governmental plans.
- Not necessary or appropriately provided.
- Experimental, investigational or educational in nature.
- Above the provider's usual charge.
- Above the prevailing charge for services in the area.
- Furnished by a close relative or employer.
- For blood or blood plasma that has been replaced by or for the patient.
- For dental services including those for Temporomandibular Joint Disorders (TMJD) or malocclusion. (Dental services because of an accide[...] a malignancy are covered.)
- For treatment of foot conditions, except metabolic or peripheral vascular diseases or open-cutting operations.
- For eye exams, the routine purchase of eyeglasses, or for radial keratotomy.
- For cosmetic surgery, except for certain accidental injuries, birth abnormalities or defects, or for reconstructive surgery.
- For impregnation and fertilization procedures and surgery for sex changes or to reverse a previous surgery for voluntary sterilization.
- For sickness or injury resulting from war or any act of war occurring while covered.
- For custodial care, comfort or convenience items.
- For well newborn care furnished out-of-network (including Hospital Services provided more than 7 days after birth).
- Hearing aids.
- Replacement or repair of Medical Equipment
- Termination of a term pregnancy outside Service Area (In-Network) unless it is for Emergency Care.

This Benefit summary is a brief outline of the services covered under the Prudential HealthCare POS plan. Refer to your Member Handbook for information regarding the administration of [...] After you enroll, you will receive more information and benefit details. The complete terms of the coverage are governed by a contract (form series 83500) issued by The Prudential In[...] Company of America. Prudential Plaza, Newark, NJ 07102.
Prudential HealthCare POS is a service mark of The Prudential Insurance Company of America. Prudential HealthCare POS is provided by The Prudential Insurance Company of America.
SWRGC82

# Exhibit B

No. 2003-07-3828-A

FILED _7:00_ O'CLOCK _A_ M
AURORA DE LA GARZA DIST CLERK

SEP 0 3 2003

DISTRICT COURT OF CAMERON COUNTY, TEXAS
_Kay Lopez, Jr._ DEPUTY

| | | |
|---|---|---|
| LETICIA SHELDON | § | IN THE DISTRICT COURT |
| | § | |
| VS. | § | |
| | § | |
| PRUDENTIAL INSURANCE | § | 107th JUDICIAL DISTRICT OF |
| COMPANY OF AMERICA AND | § | |
| BROWNSVILLE INDEPENDENT | § | |
| SCHOOL DISTRICT | § | CAMERON COUNTY TEXAS |

## PLAINTIFF'S FIRST AMENDED ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

LETICIA SHELDON plaintiff, files the Original Petition against Prudential Insurance Company of America and Brownsville Independent School District, Defendants, and would show:

### I.

LETICIA SHELDON, Plaintiff, is a resident of Brownsville, Cameron County, Texas.

Prudential Insurance Company of America, Defendant is a foreign corporation with its principal place of business in Newark, NJ doing business in the State of Texas and Brownsville, Cameron County Texas. Defendant can be served by certified mail by serving its President, Vice President, or Registered Agent CT Corporation System, Shirley Dillon at 350 North St Paul Street, Dallas, Texas 75201. Brownsville Independent School District is an entity doing business in Brownsville, Cameron County, Texas. Brownsville Independent School District may be served through its Superintendent with process at the following address: 1900 Price Road, Brownsville, Texas 78521.

### II.

Venue of this action is proper in Cameron County because the cause of action accrued in whole or in part in Cameron County Texas. In addition, Defendant, Brownsville Independent School District is a resident of Cameron County, Texas and Plaintiff, Leticia Sheldon, is a resident of Cameron County, Texas. According to Article 15.032 of the Civil Practice and Remedies Code a suit on a policy may be brought against any life insurance company, or accident insurance company, or life and accident, or life, health, and accident insurance company in the county in which the company's principal office in this state is located or in the county in which the loss has occurred or in which the policyholder or beneficiary instituting the suit resided at the time the cause of action accrued. Therefore venue is proper in Cameron County.

### III.

Plaintiff purchased a Health Insurance Policy No. 0072715 from Prudential Insurance Company of America and Brownsville Independent School District providing health coverage between 10-01-1997 and 09-30-2000. The health policy covered medical expenses made by Leticia Sheldon. At all times material to this action, the insurance health policy was in full force and effect. Notice of the claims made in this lawsuit, including plaintiff's specific complaints, the amount of actual damages sustained, and the amount of attorney fees and expenses incurred, were given in the manner and form required by TEX. INS. CODE Article 21.21 § 16 (e) at least sixty days before this lawsuit was filed. A copy of the letter is attached; marked Exhibit A, and made a part of this lawsuit.

### IV.

### The Claim

On or about 03-01-99 during the health insurance policy period, the insured suffered substantial damage as a result of chronic pelvic pain, symptomatic third-degree uterine prelapse and stress urinary incontinence which resulted in Plaintiff's incurring expenses for medical treatment. Plaintiff gave notice of this loss and complied with the terms of the policy. Prudential Insurance Company of America and Brownsville Independent School District chose to ignore competent medical evaluations of the Plaintiff's physical condition and instead chose to deny Plaintiff's health policy benefits based on its own inadequate investigation and evaluation of this claim even though an insurer of ordinary prudence and care would have done otherwise. A proper claim was submitted to Prudential Insurance Company of America and Brownsville Independent School District but both Prudential Insurance Company of America and Brownsville Independent School District denied the claim.

### V.

### Causes of Action

The facts stated in the preceding paragraph give rise to the following causes of action.

A.   <u>Texas Insurance Code violations</u>. The oral and written misrepresentations of Defendants and its local recording agent constitute actionable misrepresentations under Article 21.21, Section 4. Defendants have also engage in unfair or deceptive acts or practices in the business of insurance. Defendants' violations of the rules and regulations of the Texas Department of Insurance constitute unfair deceptive acts or practices in the business of insurance in that: (1) Defendants' have failed to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiff's claim after liability under the insurance policy became reasonably clear; (2) Defendants' have compelled Plaintiff to institute this

suit to recover amount due under the policy of insurance by failing to offer to pay Plaintiff the policy benefits to which Plaintiff is entitled and which Plaintiff will ultimately recover in this suit. This conduct constitute unfair or deceptive trade practices in the business of insurance as defined in Article 21.21-2 of the Texas Insurance Code, and which is further defined in Board Order 18663, readopted as Board Order 41060, 28 TEX. ADMIN.CODE §21.3 (a) (West 1988). Defendant's breach of the common-law duty of good faith and fair dealing, as described herein, constitutes an unfair or deceptive act or practice in the business of insurance. as defined under Board Order 41060, 28 TEX. ADMIN. CODE § 21.3 (b).

Defendants had actual awareness of the falsity, deception, and unfairness of the acts and practices described in this petition in that Defendants refused to pay the claim to the insured, Leticia Sheldon.

B.    <u>Breach of the duty of good faith and fair dealing</u>.  As a result of the relationship of the parties created by the nature of the policy of insurance and the parties unequal bargaining power. Defendants owed and owe to Plaintiff a duty to deal fairly and in good faith. Defendants have failed to deal in good faith.  There was and is no reasonable basis for Defendants'denial of Plaintiff's claim under the policy. Defendants also knew of should have known that there was no reasonable basis for denying the claim. Plaintiff would show that Defendants unreasonably disregarded evidence indicating that the claim should have been paid. A reasonable insurer under these same or similar circumstances would not have denied the claim in question. Defendants thus breached its duty to deal fairly and in good faith with Plaintiff.

C.    <u>Breach of Contract</u>. The conduct of Defendants constitute a breach of the contract of insurance between Plaintiff and Defendants.  Plaintiff purchased a contract of insurance under which Defendants promised to pay policy benefits for all covered losses.  Defendant's refusal to pay benefits constitutes a breach of the contract.  As a result of this breach, Plaintiff has suffered damages, all of which were reasonably foreseeable. A copy of the health insurance policy is attached; marked Exhibit B, and made a part of this lawsuit.

VI.

<u>Damages</u>

The conduct described herein was a producing, proximate, and direct cause of actual damages to Plaintiff.  These damages include, but are not limited to, the full benefits payable under the policy together with the out-of-pocket expenses incurred by Plaintiff.  These damages also include mental anguish and

distress suffered by Plaintiff. Plaintiff seeks prejudgment interest at the highest lawful rate. The amount of actual damages which should be awarded exceeds the minimum jurisdictional limits of the Court.

Because of Defendants' knowing violation of law, Plaintiff seeks mandatory treble damages pursuant to TEX. INS. CODE Art. 21.21 § 16 (b). Defendants' acts and omissions, including its breach of the duty of good faith and fair dealing, were grossly negligent and the result of a conscious indifference to the rights and welfare of Plaintiff. Further, Defendants' conduct was committed knowingly, that is, with an actual awareness of the unfair nature of the conduct giving rise to Plaintiff's claim. The denial of Plaintiff's claim was apparently part of a common plan, routine, scheme, and design calculated to deny insurance benefits to policyholders. In order to punish Defendants and set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages are necessary. Accordingly, Plaintiff seeks both treble and exemplary damages as allowed by law which are appropriate to accomplish these goals.

Plaintiff seeks all reasonable and necessary attorney fees in this case which include fees and costs for the following: (a) preparation and trial of this lawsuit; (b) post-trial, preappeal legal services; (c) an appeal to the court of appeals; (d) making or responding to an application for writ of error to the Supreme Court of Texas; (e) an appeal to the Supreme Court of Texas in the event application for writ of error is granted; and (f) postjudgment discovery and collection in the event execution on the judgment is necessary.

## VII.

### Prayer

Plaintiff asks that Defendants be cited according to law to appear and answer this lawsuit, and after final trial, Plaintiff seeks the following relief: (a) a judgment for all of Plaintiff's actual damages and exemplary, or alternatively, treble damages in the full amount allowed by law; (b) a judgment for prejudgment and postjudgment interest in the highest amount allowed by law; (c) a judgment for attorney fees and costs of court; and (d) such other relief to which Plaintiff may be entitled.

Respectfully submitted,

Guillermo Vega, Jr.
Texas Bar No. 20533700
302 Kings Highway, Suite 105
Brownsville, Texas 78521
Tel. (956)546-5573
Fax. (956)542-1977

Attorney for Plaintiff
LETICIA SHELDON

## CERTIFICATE OF SERVICE

I certify that on the _2nd_ day of September 2003, a true and correct copy of Plaintiff's First Amended Original Petition was served on all parties of record.

Guillermo Vega, Jr.

# EXHIBIT  A



# Guillermo Vega, Jr.
## Attorney at Law

(956) 546-5573   **Telephone**
(956) 542-1977   **Telefax**

302 Kings Highway Suite 1C
Brownsville, Texas 78521

August 29, 2003

Brownsville Independent School District
Insurance Department
1900 E. Price Road.
Brownsville, Texas  78521

Re:   Insured:   Leticia Sheldon
Policy No:  0072715
Claim No:  8991031901144-02000

Gentlemen:

Our firm has been retained to represent Leticia Sheldon with respect to a claim that she has against you.  Please direct all future communications concerning this matter to me.  We write today to discuss several acts and omissions on your part which constitute a violation of Article 21.21 of the Texas Insurance Code.

Leticia Sheldon presented a claim for medical expenses incurred by her. Leticia Sheldon was insured by your company for health benefits on Policy No. 0072715.  All premium payments on the policy were current and the policy was in force at the time of the medical expenses.

A claim was submitted to you as set out in detail in Exhibit 1.  Although the claim was submitted in proper form and within the time specified in the insurance policy, you have refused to pay the claim as explained in Exhibit 1.  There is no justified basis for your refusal to pay the total amount of the claim.

Under your policy, she had insurance coverage to cover the medical expenses debt of $ 16,688.22. However, you have refused to pay the claim of $ 16,688.22 to the insured, Leticia Sheldon.

It is our contention that your actions constitute unfair and deceptive acts or practices in the business of insurance in violation of Article 21.21 Section 16, of the Texas Insurance Code. Specifically, your failure to pay our client's claim as presented by her establishes that the representations made when she purchased your insurance policy were false and in violation of Section 4 of Article 21.21. You have failed to effectuate a prompt, fair, and equitable settlement of a claim for which liability has become clear. You have also failed to conduct an adequate investigation of her claim and our client's resulting damages.

Based on the information now available to me, and for the purpose of this notice letter, we estimate that our client's actual damages and expenses are $ 16,688.22 which are fully outlined and explained in Exhibit 1. Of course, I reserve the right to adjust this amount to conform to the information and evidence that will be available to me at the time of trial should litigation become necessary.

Our client has incurred reasonable attorney fees through our efforts to resolve this matter. To date, our fees total $ 1,600.00. If this claim is not resolved within the next sixty days, the amount of time spent on this claim and the amount of attorney fees will dramatically increase. Under the contract of employment with our client, our firm has been assigned an interest in this claim against you.

The purpose of this letter is to seek to resolve our client's claim in a fair and equitable manner without the need for further legal action. In the event you fail to timely respond to this letter or fail to respond with an acceptable offer of settlement, we will have no alternative but to assist our client in exercising her full legal rights. Should a lawsuit be filed, I will prosecute our claims under Article 21.21 of the Texas Insurance Code and will seek all actual damages incurred by our client to the fullest extent allowed by law, including, but not limited to, damages for unpaid policy benefits, mental anguish, expenses, and attorney fees allowed by law.

It is our intention to refrain from pursuing other legal remedies for the next sixty days to give you an opportunity to reevaluate our client's claim. Please contact me within that time period if you have any interest in resolving this matter without the necessity of litigation. We look forward to hearing from you soon.

Respectfully,

Guillermo Vega, Jr.
Attorney at Law

CC:   Leticia Sheldon

# EXHIBIT 1



# Guillermo Vega, Jr.
## Attorney at Law

(956) 546-5573 **Telephone**
(956) 542-1977 **Telefax**

302 Kings Highway Suite 10
Brownsville, Texas 78521

May 23, 2003

Prudential Insurance Company of America
1 Prudential Circle Mail Stop 301
Sugarland, Texas 77478
1-800-648-4489

Re:  Insured:   Leticia Sheldon
     Policy No: 0072715
     Claim No: 8991031901144-02000

Gentlemen:

Our firm has been retained to represent Leticia Sheldon with respect to a claim that she has against you. Please direct all future communications concerning this matter to me. We write today to discuss several acts and omissions on your part which constitute a violation of Article 21.21 of the Texas Insurance Code.

Leticia Sheldon presented a claim for medical expenses incurred by her. Leticia Sheldon was insured by your company for health benefits on Policy No. 0072715. All premium payments on the policy were current and the policy was in force at the time of the medical expenses.

A claim was submitted to you as set out in detail in Exhibit 1. Although the claim was submitted in proper form and within the time specified in the insurance policy, you have refused to pay the claim as explained in Exhibit 1. There is no justified basis for your refusal to pay the total amount of the claim.

Under your policy, she had insurance coverage to cover the medical expenses debt of $ 16,688.22. However, you have refused to pay the claim of $ 16,688.22 to the insured, Leticia Sheldon.

It is our contention that your actions constitute unfair and deceptive acts or practices in the business of insurance in violation of Article 21.21 Section 16, of the Texas Insurance Code. Specifically, your failure to pay our client's claim as presented by her establishes that the representations made when she purchased your insurance policy were false and in violation of Section 4 of Article 21.21. You have failed to effectuate a prompt, fair, and equitable settlement of a claim for which liability has become clear. You have also failed to conduct an adequate investigation of her claim and our client's resulting damages.

Based on the information now available to me, and for the purpose of this notice letter, we estimate that our client's actual damages and expenses are $ 16,688.22 which are fully outlined and explained in Exhibit 1. Of course, I reserve the right to adjust this amount to conform to the information and evidence that will be available to me at the time of trial should litigation become necessary.

Our client has incurred reasonable attorney fees through our efforts to resolve this matter. To date, our fees total $ 1,600.00. If this claim is not resolved within the next sixty days, the amount of time spent on this claim and the amount of attorney fees will dramatically increase. Under the contract of employment with our client, our firm has been assigned an interest in this claim against you.

The purpose of this letter is to seek to resolve our client's claim in a fair and equitable manner without the need for further legal action. In the event you fail to timely respond to this letter or fail to respond with an acceptable offer of settlement, we will have no alternative but to assist our client in exercising her full legal rights. Should a lawsuit be filed, I will prosecute our claims under Article 21.21 of the Texas Insurance Code and will seek all actual damages incurred by our client to the fullest extent allowed by law, including, but not limited to, damages for unpaid policy benefits, mental anguish, expenses, and attorney fees allowed by law.

It is our intention to refrain from pursuing other legal remedies for the next sixty days to give you an opportunity to reevaluate our client's claim. Please contact me within that time period if you have any interest in resolving this matter without the necessity of litigation. We look forward to hearing from you soon.


Respectfully,


Guillermo Vega, Jr.
Attorney at Law


CC:   Leticia Sheldon

**CLINICA**
**DE LEON Y GARZA**

The Prudential Insurance Company of America
Group No: 0072715
466-69-558-01

| | |
|---|---|
| Patient: | Leticia S Sheldon |
| S.S. No. | 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 |
| Admission: | 1-Mar-99 |
| Dismissal: | 7-Mar-99 |

## HOSPITAL SERVICES

| HOSPITAL | UNITS | UNITARY PRICE | TOTAL PRICE |
|---|---|---|---|
| Emergency Room | 1hr. | 800.00 | 800.00 |
| Operating Room | 5:30 hrs. | 500.00 | 3,000.00 |
| Recuperation Room | 1hr. | 200.00 | 200.00 |
| Resident Room | 7 days | 180.00 | 1,260.00 |
| Ambulance | • | 200.00 | 200.00 |
| **Material and Equipment** | | | |
| syringe 3ml | 3 | 0.80 | 2.40 |
| syringe 10ml | 2 | 1.40 | 2.80 |
| syringe 20ml | 2 | 2.00 | 4.00 |
| syringe 5ml | 11 | 1.00 | 11.00 |
| surgical gloves | 6 | 5.35 | 32.10 |
| needle | 3 | 0.50 | 1.50 |
| drainage bag | 1 | 11.00 | 11.00 |
| tray foley catheter | 1 | 68.00 | 68.00 |
| scaple | 3 | 2.50 | 7.50 |
| gauze | 19 | 4.80 | 91.20 |
| silk suture | 1 | 27.00 | 27.00 |
| chromic suture | 4 | 15.00 | 60.00 |
| nasal catheter | 1 | 15.00 | 15.00 |
| vicryl suture | 1 | 22.00 | 22.00 |
| nylon suture | 1 | 21.00 | 21.00 |
| electrodes | 3 | 7.00 | 7.00 |
| electro surgical cutting | | 150.00 | 150.00 |
| elastic bandage 30cm | 7 | 6.00 | 42.00 |
| elastic bandage 15cm | 2 | 5.50 | 11.00 |
| stapler | 2 | 70.00 | 140.00 |
| disposable gloves | 10 | 1.00 | 10.00 |
| disposable underpads | 7 | 16.50 | 115.50 |
| shave set | 1 | 25.00 | 25.00 |
| enema | 4 | 10.00 | 40.00 |
| catether IV | 2 | 8.00 | 16.00 |
| feminne napkins | 1package | 10.50 | 10.50 |
| oxygen | | 110.00 | 110.00 |
| preperation kit | 1 | 30.00 | 30.00 |
| pack gown Xlarge | 2 | 25.00 | 50.00 |
| tray skin scrub | 2 | 19.50 | 39.00 |

Group No. | Br.

**TO BE COMPLETED BY EMPLOYEE OR MEMBER**

Name and Home Address (Please print)

| Last | First | Middle Initial | Social Security Number | | Employment status | Date of E |
|------|-------|----------------|------------------------|--|-------------------|-----------|
| Sheldon | LETICIA | S | 4 6 6 9 5 5 5 8 | ☐ Male ☒ Female | ☒ Active ☐ Retired | Mo. 6 | Da 1 |

| Number | Street | City | State | Zip Code | Marital Status: |
|--------|--------|------|-------|----------|------------------|
| 2620 | Redwood | BROWNSVILLE | TX | 78521 | ☐ Single ☐ Div ☒ Married ☐ Wi |

Home phone # 956 542 3439

Name, address, and phone # of employee's employer BROWNSVILLE INDEPENDENT SCHOOL DISTRICT 1888 PRICE 956

Please indicate Spouse's name MAXIMO MIKE SHELDON

| Spouse's Social Security # | Spouse's Date of Birth | | | Is your Spo employed? |
|----------------------------|------------------------|--|--|------------------------|
| 4 6 2 7 2 2 3 2 3 | Mo. 5 | Day 11 | Yr. 48 | ☐ Yes |

Spouse's employer's name, complete address and phone #

Is patient also covered by any Group Health Plan or HMO provided by:

a   Another employer, union, trade association, school or arrangement of coverage for individuals in a Group?   ☐ Yes   ☒ No

b   Medicare/Medicaid, or any other federal, state, or governmental agency?   ☐ Yes   ☒ No

If either is answered "Yes," please indicate in "Remarks" the policy number, plan provider and the name and address of the employer, union, trade association, school, governmental agency, or any other arrangement for Group coverage.

Was illness or injury due, in any way, to the patient's occupation?   ☐ Yes   ☒ No      If "Yes," please describe in "Remarks."

Is claim due to an accident   ☐ Yes   ☒ No   If "Yes," give date and explain in "Remarks" where and how injury occurred.

If auto accident, circle whether patient was the owner, driver, passenger or pedestrian and whether vehicle was private passenger, taxi, bus, truck, or other. Also, furnish name of automobile owner, insurance company and policy number, and state in which accident occurred.

For all accidents: Does the patient expect to receive, or has the patient received, payment for these expenses from another source as the result of a lawsuit or settlement?   ☐ Yes   ☒ No   If "Yes," please provide details in "Remarks."

**Remarks:**   *The attached Sheets of PAPER. THE AMOUNTS ARE IN AMERICAN CURRENCY.*

**Dependent Information/Complete only if Patient is a Dependent**

| Name of Dependent | Relationship: ☐ Spouse ☐ Child ☐ Other (specify): | ☐ Male ☐ Female | Date of Birth Mo. | Day | Yr | Marital Status: ☐ Single ☐ Div ☐ Married ☐ Wid |
|-------------------|----------------------------------------------------|-----------------|-------------------|-----|----|-----------------------------------------------|

If claim is for dependent child 19 or older:          Name and complete address of school or employer and Dependent's Social Security

Is child enrolled as full-time student?   ☐ Yes   ☐ No

Is that child employed?   ☐ Yes   ☐ No

If claim is for dependent child:

Are the legal parents divorced or separated?   ☐ Yes   ☐ No      Name of parent with custody _____

Is there a court decree establishing financial responsibility for medical expenses for this child?   ☐ Yes   ☐ No

Name of parent with responsibility _____

Does this parent have medical coverage for dependents?   ☐ Yes   ☐ No      Name and address of carrier:

| Be sure to complete for each claim Nature of illness | Number of Bills Attached | Covers Period From | | To | | | Total Char |
|------------------------------------------------------|--------------------------|--------------------|--|-----|--|--|------------|
| EMERGENCY OPERATION | 3 PAGES | Mo 2 | Day 1 Yr 99 | Mo 2 | Day 7 Yr 99 | $16,6 |

**Certification of Statements**

I certify that all the above statements are correct and that the attached bills represent actual services, dates, and fees charged to me or my eligible dependents

Employee's or Member's Signature _____

**Patient's Authorization**

To all physicians, hospitals, medical service providers, pharmacists, employers, and all other agencies or organizations (this includes any insurers and/or Blue Shield and prepaid health plans). I agree that Prudential or its representatives, may see, or get a copy of all medical, mental and dental drug treatment, prescribed drug, employment and insurance coverage records which pertain to

Print name of Patient   *LETICIA S SHELDON*

This information is for the sole use of Prudential, or the group contract holder who will process the claim. Unless a law requires it, information will not be made available in any form to any other persons unless I agree to its release in writing. The authorization may be used for no longer than the duration of the claim or at least the date it is signed unless revoked in writing. A photocopy of this form is as valid as the original. The person who signs this form may have a copy upon request.

_____ 4-8-99

Date

**CLINICA**
**DE LEON Y GARZA**

## HOSPITAL SERVICES

| HOSPITAL | UNITS | UNITARY PRICE | TOTAL PRICE |
|---|---|---|---|
| **Material and Equipment** | | | |
| drain succion srt | 7 days | 7 days | 150.00 |
| infusion set | 2 | 12.00 | 12.00 |
| pad grounding pencil | 1 | 40.00 | 40.00 |
| sponge gelfoam 100 | 2 | 98.00 | 196.00 |
| set instruments | 2 | 18.00 | 36.00 |
| epidural spinal hypodermic | 1 | 15.00 | 15.00 |
| oxygen mask | 1 | 25.00 | 25.00 |
| epidural tray | 1 | 250.00 | 250.00 |
| datascope | | 250.00 | 250.00 |
| dinamap | | 250.00 | 250.00 |
| oximeter | | 250.00 | 250.00 |
| **Drugs and Solutions** | | | |
| saline solution 1000 | 3 | 41.75 | 125.25 |
| mixed solution 1000 | 2 | 41.75 | 83.50 |
| gluco solution 1000 | 4 | 41.75 | 167.00 |
| hartman solution 1000 | 2 | 41.75 | 83.50 |
| saline solutio      500 | 1 | 35.40 | 35.40 |
| metronidozal 500 (antibiotic | 12 | 15.00 | 180.00 |
| atropine | 2 | 3.00 | 6.00 |
| lidocaine w/epenefrine | 2 | 25.30 | 50.60 |
| marcaine | 2 | 28.00 | 56.00 |
| keflin | 8 | 13.15 | 105.20 |
| keflex | 1 | 85.95 | 85.95 |
| tempra | 1 | 25.00 | 25.00 |
| valium | 1 | 15.00 | 15.00 |
| premarin | 1 | 42.85 | 42.85 |
| primperan | 6 | 2.50 | 15.00 |
| sterile water | 22 | 0.80 | 17.60 |
| nubain | 1 | 16.00 | 16.00 |
| temgesic | | 55.87 | 55.87 |
| tradol | 2 | 15.00 | 30.00 |
| verased | 1 | 17.00 | 17.00 |
| ranisen | | 15.00 | 15.00 |
| lasix | 1 | 7.00 | 7.00 |

CLINICA
DE LEON Y GARZA

# HOSPITAL SERVICES

**Laboratory**

| | | |
|---|---|---|
| CBC | 114.00 | 114.00 |
| urine culture | 74.50 | 74.50 |
| S.M.A.C. | 150.00 | 150.00 |
| urine collection fee | 9.00 | 9.00 |
| Rh type | 32.50 | 32.50 |
| spec. Collection veni. Fee | 9.00 | 9.00 |
| hemaglobin | 29.00 | 29.00 |
| hematocrit | 29.00 | 29.00 |
| **Ultrasound** | 200.00 | 200.00 |
| **Pathology** | 200.00 | 200.00 |

**TOTAL HOSPITAL FEES**　　　　**10188.22**

**Physicians Fees**

| | | | |
|---|---|---|---|
| | | Surgeon | 3,200.00 |
| DR. HUMBERTO MIRELES | hospital visit | 1-Mar-99 | 100.00 |
| | hospital visit | 2-Mar-99 | 100.00 |
| | hospital visit | 3-Mar-99 | 100.00 |
| | hospital visit | 4-Mar-99 | 100.00 |
| | hospital visit | 5-Mar-99 | 100.00 |
| | hospital visit | 6-Mar-99 | 100.00 |
| | hospital visit | 7-Mar-99 | 100.00 |
| DR. JOSE CANO | | Assistant | 800.00 |
| DR. RENE CUELLER | | Second Assistant | 640.00 |
| DR. MARTIN SALGADO | | Anestesiologist | 960.00 |
| DR. ANTONIO CAVAZOS | | Radiologist | 200.00 |

**TOTAL PHYSCIANS FEES**　　　　**6,500.00**



# EXHIBIT  B



**Prudential HealthCare**

$500.00

# What this plan covers

### Prudential HealthCare POS$^{SM}$ - Rio Grande Valley Network

Services and Supplies must be provided or authorized by a network provider.

All Eligible Charges are subje to an annual deductible.

| | IN-NETWORK BENEFITS | OUT-OF-NETWORK BENEFITS |
|---|---|---|
| **DEDUCTIBLES** | | |
| Annual Deductible (per calendar year) | None | $300 Individual; $750 Family |
| 100% Benefit Feature | Applies after $5,000 of eligible charges are incurred. (This does not apply to charges for outpatient psychiatric, alcohol and drug related care.) | Applies after $10,000 of eligible charg are incurred. (This does not apply charges for outpatient psychiat. alcohol and drug related care.) |
| Individual Lifetime Maximum | Unlimited | $1,000,000 |
| **PREVENTIVE CARE** | | |
| Well Baby Care | 100% after $20 copayment per visit | 60% for Hospital Services during the fi 7 days after the baby's birth. |
| Immunizations | 100% after $20 copayment per visit | 60% reimbursement of Wholesale Cost the immunization agent plus $5.00 given during a doctors office visit. |
| Routine Health Assessments | 100% after $20 copayment per visit | 60% with a maximum payable benefit $60 per year. |
| Bone Mass Measurements | 100% after $20 copayment per visit | 60% |
| Mammograms | 100% after $20 copayment per visit | 60% limited to one per year for wom. age 35 and older. |
| **PHYSICIAN SERVICES\*** | | |
| Office Visits to Health Care Providers (Primary Care and Specialty Care) | 100% after $20 copayment per visit | 60% |
| Maternity Care | First Visit: 100% after $20 copayment<br>All Other Sevices: 80% | 60%<br>60% |
| Hospital Visits | 80% | 60%\*\*\* |
| Surgery | 80% | 60% |
| **HOSPITAL SERVICES\*** | | |
| Inpatient Services (semi private room and normal daily services and supplies) | 80% | 60%\*\*\* |
| Outpatient Services | 80% | 60%\*\*\* |
| Emergency Services | 100% after $75 copayment per visit (See Medical Emergency definition) | 60%\*\*\*<br>\*\*\* See Out-of-Network Comments |

\*Note Mental Health has separate benefits and limits, including a separate lifetime maximum. See "Psychiatric Services"

| | IN-NETWORK BENEFITS | OUT-OF-NETWORK BENEFITS |
|---|---|---|
| **OTHER SERVICES** | | |
| Convalescent Nursing Home Care (including Physician Services) | 80% up to 100 days per period of care** | 60% up to 60 days per period of care* |
| Home Health Care Visits | 80% | 60% up to 60 visits per calendar year* |
| Hospice Care (maximum benefit per period of care: $7,400) | 80% | 60% |
| Outpatient Private Duty Nursing | 80% | 60% ( $6,000 maximum calendar year benefit)** |
| Ambulance | 80% | 60% |
| Chemo/Radiation Therapy | 80% | 60% |
| Diagnostic X-ray and Lab Tests | 80% | 60% |
| Alcohol and Chemical Dependency (Maximum of three series of treatments per lifetime) | Treated same as any other illness | 60% |
| Speech, Physical and Occupational Therapy (Physical and Occupational therapy  is limited to 90 days per calendar year) | 80% | 60% |

**All benefits and services received (whether in-network or out-of-network) count toward these limits.

---

**PSYCHIATRIC SERVICES**

Hospital Inpatient Services (Includes Physician Services)
(limited to 30 days per calendar year)

| | | IN-NETWORK | OUT-OF-NETWORK |
|---|---|---|---|
| Inpatient Psychiatric Care | 1st 15 days | 80% | 50%*** |
| | Next 15 days | 60% | 50%*** |

Physician Outpatient Care ($2,500 maximum annual benefit)

| | | IN-NETWORK | OUT-OF-NETWORK |
|---|---|---|---|
| Outpatient Psychiatric Care | 1st 3 visits | 100% | 70% up to a  maximum payable benefit $56 per visit |
| | Remaining visits | 70% | 50% up to a  maximum payable benefit $40 per visit |

$25,000 Lifetime Maximum (In and Out-of-Network benefits combined)

NOTE: Coverage may be available for care in an Intermediate Care Facility (ICF) for up to 60 days in a calendar year. If you have a stay in both a Hospital and an Intermediate Care Facility, each two days of ICF Services reduces by one the number of days available for an Inpatient Hospital stay. Each day of an Inpatient Hospital stay reduces by two the number of days available for ICF Services.

---

| PRESCRIPTION DRUG BENEFITS | Participating Pharmacy | Non-Participating Pharmacy |
|---|---|---|
| 70% after separate $100 annual deductible | | |

***Out-of-Network Comments
- Call the phone number on your ID card before elective surgery or 7 days in advance of non-emergency hospital admission arranged throug non-network health care provider.
- The staff will confirm the need for medical care or precertify benefits for the initial length of your hospital stay.
- For emergencies, call within 48 hours of admission.
- For psychiatric, alcohol and drug-related care, you must call before being admitted to the hospital.
- If you don't call, call late or don't follow instructions, eligible charges for out-of-network hospital care or surgery will be reduced by 20%.

# Exhibit C

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **LETICIA SHELDON**<br>**Plaintiff** | §<br>§<br>§<br>§ | |
| **VS.** | §<br>§ | **CIVIL ACTION NO. B-03-150** |
| **PRUDENTIAL INSURANCE**<br>**COMPANY OF AMERICA**<br>**Defendant** | §<br>§<br>§<br>§ | |

## PLAINTIFF'S NOTICE OF RESPONSE TO DEFENDANT'S NOTICE OF REMOVAL OF STATE COURT ACTION

TO:     Defendant, Prudential Insurance Company of America and Brownsville Independent School District, by and through its attorney of record, Norton A. Colvin, 1201 East Van Buren Street, Brownsville, Texas 78520.

You are hereby notified that on the _____ day of September, 2003, a Plaintiff's Response to Defendant's Notice of Removal of Civil Action, a true and correct copy of which is attached hereto, was filed in the United States District Court for the Southern District of Texas, Brownsville Division. The Plaintiff's Response to Defendant's Notice of Removal was filed in reference to cause number 2003-07-3828-A, styled Leticia Sheldon v. Prudential Insurance Company of America and Brownsville Independent School District, pending in the 107th Judicial District Court of Cameron County, Texas.

Plaintiff's Response to Defendant's Removal of Civil Action                    Page 1

Respectfully submitted,

By: _____

Guillermo Vega, Jr.
Texas Bar No. 20533700
302 Kings Highway, Suite 105
Brownsville, Texas 78521
Tel. (956)546-5573
Fax. (956)542-1977

Attorney for Plaintiff
LETICIA SHELDON

## CERTIFICATE OF SERVICE

I certify that on this the __12th__ day of September, 2003, a true and correct copy of

Plaintiff's Response to Defendant's Notice of Removal was served by certified mail,

return receipt requested on:

Norton A. Colvin
Attorney at Law
1201 East Van Buren Street
Brownsville, Texas 78520

_____

Guillermo Vega, Jr.