UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

OCT 1 7 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| LETICIA SHELDON § | |
| Plaintiff § | |
| § | |
| § | |
| VS. § | CIVIL ACTION NO. B-03-150 |
| § | |
| PRUDENTIAL INSURANCE § | |
| COMPANY OF AMERICA AND § | |
| BROWNSVILLE INDEPENDENT § | |
| SCHOOL DISTRICT § | |
| Defendant § | |

### PLAINTIFF'S RESPONSE TO DEFENDANT'S RESPONSE AND BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Plaintiff, Leticia Sheldon, files this response to Defendant's Response and Brief in Opposition to Plaintiff's Motion to Remand filed by Aetna Life Insurance Company, Defendant, on October 2, 2003. In support, Plaintiff, Leticia Sheldon, respectfully shows the Court as follows:

### I.     INTRODUCTION

Aetna improperly removed this case to Federal Court because the controversy does not exceed the sum of $75,000.00, exclusive of interest and costs. In its Motion to Remove a Civil Action, Defendant argues that this Court has jurisdiction because it involves a non-diverse party and the amount in controversy exceeds $75,000.00. As shown fully below, such arguments are belied by the jurisdictional facts of this case.

## II. SUMMARY OF ARGUMENT

Defendant improperly removed this action to this Court from the District Court of Cameron County, Brownsville (see 28 U.S.C § 1441 (a) and 1446 (a).) Atena Life Insurance Company in its Defendant's Response and Brief in Opposition to Plaintiff's Motion to Remand insists that this case exceeds $75,000.00. Plaintiff has asserted in her Motion to Remand that her claim only involves $16,688.22 exclusive of cost and interest. Defendant has failed to satisfy its heavy burden or establishing that the amount in controversy in this case exceeds $75,000.00, exclusive of interest and costs (see 28 U.S.C. 1332). Attached to this Plaintiff's Response is an affidavit in which Plaintiff states that: (1) She did not intend to seek recovery of more than $75,000.00 when she filed their complaint; (2) She will never claim or accept more than $75,000.00 exclusive of interest and costs; (3) She agrees to a Court order capping her damages at $75,000.00 exclusive of interest and costs. Based on these representations Plaintiff moves to remand this case to State District Court. Plaintiff asks this Court that all costs and expenses including attorney fees incurred as a result of the removal be imposed against Defendant.

## III. THE PROCEEDINGS

1. Plaintiff filed her Original Petition against Prudential Insurance Company of America in State District Court on July 28, 2003.

2. Defendant's Answer was filed on August 22, 2003.

3. Defendant's Notice of Removal of State District Court Action was filed on August 28, 2003.

4. Plaintiff filed her Motion to Remand on September 12, 2003

5. Defendant filed its Defendant's Response and Brief in Opposition to Plaintiff's Motion to Remand on October 2, 2003.

6. Plaintiff files her Response to Defendant's Response and Brief in Opposition to Plaintiff's Motion to Remand.

## IV. LEGAL STANDARD AND ISSUES TO BE RULED UPON

Pursuant to 28 U.S.C. § 1332 (a) the District Courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs and is between citizens of different States. Defendant improperly removed this action to this Court from the District Court of Cameron County, Brownsville, because the amount in controversy does not exceed $75,000.00 exclusive of interest and cost.

## V. ARGUMENTS AND AUTHORITIES

### A. Diversity Jurisdiction

Federal courts may exercise jurisdiction in cases involving citizens of different states **ONLY** if the amount in controversy exceeds $75,000.00, exclusive of interest and costs. See 28 U.S.C § 1332 (a). When a Complaint prays for damages of an unspecified amount, the defendant "must prove by preponderance of evidence that the amount in controversy more likely than not exceeds the ...jurisdictional requirement." Grubbs v. Pioneer House; Inc., 75 F. Supp. 2d 1323, 1326 (M.D. Ala.1999). "All doubts [and uncertainties] about federal court jurisdiction must be resolved in favor of a remand to State Court." Saeroyer v. Pfizer, Inc., 991 F. Supp. 1308, 1312 (M. D. Ala. 1997).

**B.    Amount of damages do not exceed $75,000.00**

Defendant incorrectly states that "the jurisdictional amount will be deemed satisfied unless it appears to a legal certainty that a Plaintiff's claim is for less than the jurisdictional amount." This rule applies only if the case was originally brought in Federal Court. See Neff v. General Motors Corp; 163 F.R. D. 478, 481 (E.D. Pa. 1995), quoting St. Paul Mercury Indem. Co. v. Red Cab Co; 303 U.S. 283, 289, 82 L.Ed. 845, 58 S.Ct. 586 (1938). Defendant states that Plaintiff's potential award in this lawsuit could easily increase to a figure that far exceeds $75,000.00. Defendant has stated no facts to support its position, other than the bold assertion that punitive damages might be quite large. The Court is the only one who can determine the amount of damages Plaintiff will receive or be awarded. A party should not be permitted to transform a local action into federal one by claiming extravagant punitive damages. Neff v. General Motors Corp., 163 F.R.D at 483. The Courts have long held that you must determine jurisdiction as of the date of filling rather than on the basis of subsequent events. St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 290, 82 L. Ed. 845, 58 S.Ct. 583 (1938); Rogers v. Wal-Mart Stores, Inc., 230 F. 3d 868, 873 (6th Cir. 2000); In re Shell Oil Co., 970 F. 2d 355, 356 (7th Cir. 1992). Leticia Sheldon filed suit in State Court on her claim of $16,688.28. Thus if the Court were to determine what the claim was on the date of filing it would determine without a doubt that the claim was only for $16,688.28 which is in accordance with the cases that determine jurisdiction as of the date of filing, supra. Thus the contention of Defendant that the claim of Plaintiff exceeds $75,000.00 is utterly false and submitted without any proof that such claim will ever exceed that amount because the Defendant has not offered any facts or proof to support that contention.

The Federal Courts have stated that all doubts about Federal Court jurisdiction must be resolved in favor of a remand to State Court. Burns v. Windsor, Ins. Co. 31 F. 3d 1092, 1096 (11th Cir. 1994). In the Burns case the Court held that "where the Plaintiff and Defendant clash about jurisdiction, uncertainties are resolved in favor of remand." Since there is no proof that the claim of Leticia Sheldon will exceed $75,000.00 and there is an uncertainty regarding the facts of Defendant that the claim will exceed $75,000.00 then the case should be remanded to State Court. The Court was presented with similar allegations in the Burns, 31 F. 3d at 1095 where the Plaintiff claimed less than the jurisdictional amount in State Court, the Defendant must prove facts supporting federal jurisdiction to a legal certainty in order to satisfy the preponderance standard. Since the Defendant in the Leticia Sheldon case has not provided the Court with specific facts that would prove that the amount in controversy would exceed $75,000.00 then Leticia Sheldon has an absolute right to remand her case to State Court. The Courts have held that remand is proper in such cases. In re Amino Acid Lysine Antitrust Litig; 918 F. Supp. 1181, 1189 (N.D. Ill. 1996); St. Paul Mercury Indem. Co. 303 U.S. 283.

In Moss v. Voyager Ins. Cos; 43 F. Supp. 2d 1298 (M.D. Ala. 1999), this Court remanded a case when a Plaintiff irrevocably stipulated neither to seek nor accept more than $75,000.00, even if a jury verdict exceeded that amount. The stipulation "Clarified the Complaint by identifying" the true amount in controversy, and satisfied the court that this amount would never exceed the jurisdictional minimum. Attached to this Plaintiff's Response is a stipulation in which Plaintiff states that: (1) she did not intend to seek recovery of more than $75,000.00 when she filed her complaint; (2) She will never claim or accept more than $75,000.00; (3) She agrees to a court order capping her damages at

$75,000.00. Base on these representations Plaintiff moves to remand this case to State Court. Other courts have routinely given effect to binding, post-removal stipulations. See Grubbs, 75 F. Supp. 2d at 1327; McGhee v. Allstate Idem. Co., 928 F. Supp. 1102, 1104 (M.D. Ala. 1996); Taylor v. Campbell, 852 F. Supp. 978, 980 (M.D. Ala. 1994); Moore v. Toyota Motor Corp., 64 F. Supp. 2d 612, 614 (N. D. Miss. 1999); Adkins v. Gibson, 906 F. Supp. 345, 347 (S.D.W.Va.1995).

### C. Cost and expenses

The Courts have held that pursuant to 28 U.S.C. § 1447(c) the party that incurred the removal of the case to Federal Court is liable for costs and expenses including attorney fees incurred by the prevailing party and are taxed as such. Brooks v. Pre-Paid Legal Services, 153 F. Supp. 2d 1299; 2001 U.S. Dist. LEXIS 11994. Thus if the case of Leticia Sheldon is remanded back to State Court then she should be compensated by the Defendant for costs, expenses and attorney fees that she incurred by the removal to Federal Court.

### VI. CONCLUSION AND PRAYER

Federal Courts may exercise jurisdiction in cases involving citizens of different States **ONLY** if the amount in controversy exceeds $75,000.00, exclusive of interest and costs (28 U.S.C § 1332). This case does not exceed the amount of $75,000.00 exclusive of interest and costs. Defendant improperly removed this action to this Court from the State District Court of Cameron County, Brownsville, see 28 U.S.C § 1441 (a) and 1446 (a).

**WHEREFORE, PREMISES CONSIDERED**, Leticia Sheldon, respectfully request that the Court to remand this case to State Court in which it was originally filed and that all just costs and any actual expenses, including attorneys fees incurred as a result of the removal be adjudged against Defendant.

Respectfully submitted,

By: _/s/ Guillermo Vega Jr._
Guillermo Vega, Jr.
Texas Bar No. 20533700
SDOT No. 1946
302 Kings Highway, Suite 105
Brownsville, Texas 78521
Tel. (956)546-5573
Fax. (956)542-1977

Attorney for Plaintiff
LETICIA SHELDON

### CERTIFICATE OF SERVICE

A copy of this document has been forwarded by certified mail, return receipt requested, on October 17th, 2003 to:

1) Norton A. Colvin
   Attorney at Law
   1201 East Van Buren Street
   Brownsville, Texas 78520

2) Miguel Saldaña
   Attorney at Law
   302 Kings Highway, Suite 109
   Brownsville, Texas 78521

_/s/ Guillermo Vega Jr._
Guillermo Vega, Jr.