UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
FILED

NOV 0 6 2003

Michael N. Milby
Clerk of Court

| | |
|---|---|
| LETICIA SHELDON § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. B-03-150 |
| § | |
| PRUDENTIAL INSURANCE § | |
| COMPANY OF AMERICA § | |
| § | |
| Defendant. § | |

**DEFENDANT'S SUR-RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

Defendant Aetna Life Insurance Company, as Administrator for The Prudential Insurance Company of America ("Aetna"), files this sur-response in opposition to Plaintiff Leticia Sheldon's ("Plaintiff") motion to remand, in direct response to Plaintiff's reply brief filed on October 17, 2003 ("reply brief"),[1] and respectfully shows the Court as follows:

## I. INTRODUCTION AND SUMMARY OF ARGUMENT

Aetna properly removed this case on diversity grounds because Plaintiff's Original Complaint involved a controversy wholly between citizens of different states and claimed damages in excess of $75,000, exclusive of interest and costs. Despite the clear content of her pleadings, Plaintiff moved to remand this case, alleging, first, that she had defeated diversity jurisdiction by joining a Texas defendant. Based on her reply brief, Plaintiff apparently has dropped this argument since it cannot be seriously disputed that this case involved only a Texas resident and foreign corporation at the time of removal.

---

[1] This reply brief is entitled, "Plaintiff's Response to Defendant's Response and Brief in Opposition to Plaintiff's Motion to Remand," Docket Entry No. 13.

Having retreated from her first argument, Plaintiff's reply brief focuses solely on her second ground for remand, *i.e.*, that the amount in controversy does not exceed $75,000. Since Aetna has already shown this Court that Plaintiff's claimed damages are likely above $75,000, exclusive of interest and costs, this case should not be remanded unless Plaintiff files a stipulation clarifying that she is not seeking more than $75,000 in damages and attorneys' fees. After Plaintiff moved to remand this case, Aetna's counsel forwarded Plaintiff's counsel a proposed stipulation to that effect. Instead of signing that stipulation, Plaintiff filed another brief in support of her motion to remand, along with a vague stipulation that differs from the form presented by Aetna's counsel in several respects, e.g., it fails to clarify that she is not seeking more than $75,000 in damages <u>and</u> attorneys' fees . Therefore, this lawsuit should not be remanded unless Plaintiff executes a proper stipulation that she is not seeking damages and attorneys' fees in excess of $75,000.

Additionally, Plaintiff seeks attorneys' fees and costs allegedly incurred as a result of removal under 28 U.S.C. § 1447(c). Even if the Court remands this case, Plaintiff's request for attorneys' fees and costs is unwarranted because Aetna had objectively reasonable grounds upon which to remove this case to federal court *at the time of removal*. Moreover, her stipulation, filed ***seven weeks after removal***, certainly does not entitle her to attorneys' fees and costs incurred as a result of Aetna's removal. Thus, her claim should be denied.

## II.  ARGUMENTS AND AUTHORITIES

### A.  Plaintiff's Belated Stipulation Is Insufficient To Show The Amount In Controversy Does Not Exceed $75,000

In *Matney v. Wenger Corp.*,[2] the District Court denied the plaintiff's motion to remand because it concluded that based on the pleadings, the amount in controversy exceeded $75,000,

---

[2]   957 F. Supp. 942 (S.D. Tex. 1997).

"absent a sworn clarification by Plaintiffs to the contrary." Similarly, this case should not be remanded unless Plaintiff files a sworn affidavit clarifying that she is not seeking, and will not accept, more than $75,000 in damages and attorneys' fees in any court.[3] Although Plaintiff simply stipulated that she will "not claim or accept more than $75,000," her stipulation lacks the necessary clarity as to whether she will not claim or accept more than $75,000 in damages and attorneys' fees in any court.

More specifically, Plaintiff's stipulation fails to meet the substance of the sworn clarification set forth by the Southern District of Texas in *Matney*. In that case, the Court held that in a situation where the comprehensive damages in a diversity action exceed $75,000 as set forth in the pleadings, such action may be subject to remand if the Plaintiff signs a sworn clarification specifically stipulating that she will never *collect* more than the jurisdictional minimum of the federal court "regardless of any newly discovered facts or future extenuating circumstances."[4] Indeed, Aetna's counsel previously presented Plaintiff's counsel with a stipulation that does in fact conform to the *Matney* standard and specifically clarifies that Plaintiff will not seek more than $75,000 in damages and attorneys' fees in any court. However, Plaintiff refused to sign that form. Accordingly, Plaintiff's signed stipulation is insufficient to show the amount in controversy does not exceed $75,000 in light of the allegations in Plaintiff's Complaint, and this case should not be remanded unless a proper sworn stipulation is executed.

---

[3]　*See id.* at 944; *see also Callaway v. BASF Corp.*, 810 F. Supp. 191, 193 (S.D. Tex. 1993).

[4]　*Matney*, 957 F. Supp. at 944 (emphasis added).


**B.    Even If This Case Is Remanded, Plaintiff's Claim For Attorneys' Fees And Costs Should Be Denied**

Even if Plaintiff files a proper stipulation and this case is remanded, Plaintiff is not automatically entitled to an award of attorneys' fees and costs.[5] To the contrary, the clear language of 28 U.S.C. § 1447(c) makes such an award discretionary.[6] In making such a discretionary determination, a court's fundamental inquiry is not whether the removal was improper, but, instead, the fundamental inquiry is whether the defendant had objectively reasonable grounds to believe the removal was proper at the time of removal.[7]

Applying these principles to the present case, Plaintiff should not be awarded attorneys' fees and costs because Aetna clearly had an objectively reasonable basis to remove this case on diversity grounds. At the time of removal, Plaintiff, a Texas citizen, had joined one defendant, a New Jersey corporation, and sought damages far in excess of the $16,688.22 in health plan benefits that she contends is in controversy. In fact, in addition to health plan benefits and attorneys' fees, Plaintiff's Original Complaint expressly seeks:

> **[D]amages includ[ing], but are not limited to, the full benefits payable under the policy, together with out-of-pocket expenses incurred by Plaintiff. These damages also include mental anguish and distress suffered by Plaintiff. . . .**
>
> **Because of Defendant's knowing violation of law, Plaintiff seeks mandatory treble damages** pursuant to Tex. Ins. Code Art. 21.21 § 16(b). Defendant's acts and omissions, including its breaches of the duty of good faith and fair dealing, were grossly negligent and the result of conscience indifference to the rights and welfare of Plaintiff. Further, Defendant's conduct was committed knowingly, that is, with an actual awareness of the

---

[5]     *Valdes v. Wal-Mart Stores, Inc.*, 199 F.3d 290, 293 (5th Cir. 2000).

[6]     *Id.*

[7]     *Id.* at 293.

unfair nature of the conduct giving rise to Plaintiff's claim. The denial of Plaintiff's claim was apparently part of a common plan, routine scheme, and design calculated to deny insurance benefits to policyholders. **In order to punish Defendant and set an example and thereby prevent other policyholders from being treated in this manner, exemplary damages are necessary. Accordingly, Plaintiff seeks both treble and exemplary damages as allowed by law which are appropriate to accomplish these goals.** (emphasis added)

Since removal is proper when it is facially apparent from the pleading that the claimed damages are likely to exceed the jurisdictional amount, by seeking treble the amount of policy benefits in excess of $16,000, plus damages for mental anguish, plus treble actual damages, plus exemplary damages, plus attorneys' fees, Defendant had an objectively reasonable basis to remove this case on the grounds that the amount in controversy exceeds $75,000.[8]

Because the amount in controversy in this case exceeds $75,000 based on Plaintiff's pleading, Aetna had reasonable grounds for removal of this lawsuit to federal court. Accordingly, any attempt by Plaintiff to argue improper removal based on a stipulation of damages signed *seven weeks after removal* utterly fails, and therefore, Plaintiff should not recover attorneys' fees incurred as a result of the removal process.

---

[8] Plaintiff continues to ignore the fact that her Original Complaint provided that, *in addition to* actual damages of $16,688.22, Plaintiff was also seeking damages for mental anguish, distress, exemplary damages, statutory penalties, and treble damages. The Fifth Circuit has repeatedly held additional damages such as these can easily surpass the jurisdictional limits of this court. *See, e.g., Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 536 (5th Cir. 1990) ("[A]ttorney's fees may be included in determining the jurisdictional amount."); *U.S. Fire Ins. Co. v. Villegas*, 242 F.3d 279, 284 (5th Cir. 2001) (recognizing that federal court can consider potential exemplary damages in determining amount in controversy); *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 n.7 (5th Cir. 1998) ("Punitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable."); *Lewis v. State Farm Lloyds*, 205 F. Supp. 2d 706, 708 (S.D. Tex. 2002) (considering, *inter alia*, damages arising from mental anguish, treble damages, statutory damages under the Texas Insurance Code, exemplary damages, and attorneys' fees for determining amount in controversy).

### III. CONCLUSION AND PRAYER

Plaintiff's request to recover attorneys' fees should be rejected. For all of the reasons set forth above, Aetna had objectively reasonable grounds upon which to properly remove this case to federal court at the time of removal. Moreover, based on the *Matney* standard for proper sworn clarifications on damages, Plaintiff's signed stipulation is insufficient to show the amount in controversy does not exceed $75,000 in light of the allegations in her Complaint and, therefore, this case should not be remanded unless Plaintiff files a proper sworn stipulation.

WHEREFORE, for all the foregoing reasons, Aetna Life Insurance Company, as Administrator for The Prudential Insurance Company of America, prays that the Court deny Plaintiff all fees and costs related to Plaintiff's Motion to Remand. Aetna requests all such other and further relief to which this Defendant is justly entitled.

Respectfully submitted,

By: _____
JOHN B. SHELY w/ permission McFestall
Attorney-in-Charge
State Bar No. 18215300
S.D.O.T. No. 7544
DIMITRI ZGOURIDES
State Bar No. 00785309
S.D.O.T. No. 16513
600 Travis Street, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4105
Facsimile: (713) 220-4285

NORTON A. COLVIN, JR.
State Bar No. 04632100
S.D.O.T. No. 3983
MARJORY NELL COLVIN BATSELL
State Bar No. 04631400
S.D.O.T No. 1941
1201 East Van Buren Street
Brownsville, Texas 78520
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

ATTORNEYS FOR DEFENDANT
AETNA LIFE INSURANCE COMPANY
AS ADMINISTRATOR FOR THE
PRUDENTIAL LIFE INSURANCE
COMPANY OF AMERICA

OF COUNSEL:

ANDREWS KURTH LLP
and
RODRIGUEZ, COLVIN & CHANEY, L.L.P.

## CERTIFICATE OF SERVICE

A copy of this document has been forwarded by U.S. mail, certified, return receipt requested, on November 7, 2003 to:

Guillermo Vega, Jr.
302 Kings Highway, Suite 105
Brownsville, Texas 78521



John B. Shely    w/ permission

-8-