*16*

United States District Court
Southern District of Texas
FILED

NOV 2 4 2003

Michael N. Milby
Clerk of Court

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
### BROWNSVILLE DIVISION

LETICIA SHELDON                     §
Plaintiff                           §
                                    §
VS.                                 §          CIVIL ACTION NO. B-003-150
                                    §
PRUDENTIAL INSURANCE                §
COMPANY OF AMERICA AND              §
BROWNSVILLE INDEPENDENT             §
SCHOOL DISTRICT                     §

### PLAINTIFF'S RESPONSE TO DEFENDANT'S SUR-RESPONSE IN
### OPPOSITION TO PLAINTIFF'S MOTION TO REMAND

Plaintiff LETICIA SHELDON, files this Response in opposition to Defendant's

Sur-response in opposition to Plaintiff's Motion to Remand, and respectfully shows the

Court as follows:

### I.      INTRODUCTION AND SUMMARY OF ARGUMENT

Prudential Insurance Company of America improperly removed this case on

diversity grounds by asserting that the amount in controversy involved more than

$75,000.00 in damages exclusive of interest and costs. Plaintiff filed a Stipulation for

Damages which clearly demonstrated that Plaintiff is not seeking and will not seek more

than $75,000.00 in damages. Despite the clear content on Plaintiff's Stipulation for

Damages Defendant continue alleging that this cause should be heard by this court.

Defendant asserts that Plaintiff dropped her argument to defeat diversity by joining a

Texas defendant and that Plaintiff focuses solely on her second ground for remand which

is that the amount in controversy does not exceed $75,000.00. However, the law is clear

28 U.S.C § 1332 (a) (1) states that the district courts shall have original jurisdiction of all

civil actions where the matter in **controversy exceeds the sum or value of $75,000,**

**exclusive of interest and costs, AND is between citizens of different States.**  This means that if the amount in controversy does not exceed $75,000.00 even when Defendant is citizen of a different state, the district court shall not have original jurisdiction. Moreover, 28 U.S.C. § 1447 (e) states that if after removal the Plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

Additionally, Defendant asserts that Plaintiff is not entitled to attorneys' fees and cost incurred as a result of Prudential Insurance Company of America's removal.  28 U.S.C. § 1447 (c) says that if **at any time** before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.  An order remanding the case may require payment of just costs and any actual expenses**, including attorney fees,** incurred as a result of the removal.

II.

**ARGUMENTS AND AUTHORITIES**

A.    **Plaintiff's Stipulation for Damages is Sufficient To Show that the Amount in Controversy Does not Exceed $75,000**

Defendant cites the case  Mantney v. Wenger Corp. 957 F. Supp. 944 and states that there is a similarity between Mantney's case and this case.  However, there is no similarity between these two cases because in Mantney's case no stipulation for damages was ever issued and consequently the Court denied Motion to Remand, yet in this case stipulation for damages has been issued.  In Brooks v. Pre-Paid Legal Servs.; 153 F. Supp. 2d 1299, the Plaintiff filed an affidavit stating that: (1) they did not intend to seek recovery of more than $74,500 when they filed their complaint; (2) they will never claim

or accept more than $74,500; and (3) they agree to a court order capping their damages at $74,500. Base on these representations, the court granted Motion to Remand. Similarly, this case should be remanded because Plaintiff filed a sworn stipulation for damages clarifying that she is not seeking and will not seek more than $ 75,000.00 in damages.

**B.    Plaintiff's Claim for Attorneys' Fees and Costs for Improper Removal Should be Granted**

Pursuant to Article 21.21 § 7.03 (1) of Texas Insurance Code a suit filed under this section, any Plaintiff who prevails may obtain the amount of actual damages plus court costs and reasonable and necessary attorney's fees. If the trier of facts finds that the defendant knowingly committed the acts complained of, the trier of fact **may award not more than three times the amount of actual damages.** Plaintiff's claim is for $16,688.22. If this amount is multiply by 3 the amount increment to $50,064.66. An estimation for attorney's fees is 33.33% of the awarded amount, this means that attorney's fees for this case will be approximately 16,521.33. The cost of court is for $250.00. If we add these numbers the final amount is for $66,835.99. Defendant, Prudential Insurance Company of America had no reasonable basis to remove this case to Federal Court. First, Defendant, Prudential Insurance Company of America, removed this case to Dallas, county, Texas stating that it is where its principal office is (see Exhibit A), later, Defendant removed this case to Federal Court. Defendant has been forum shopping from one court to another and therefore, attorney's fees should be imposed to Defendant. 28 U.S.C. § 1447 (c) says that if **at any time** before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An

order remanding the case may require payment of just costs and any actual expenses, **including attorney fees,** incurred as a result of the removal.

### III.

### CONCLUSION AND PRAYER

Plaintiff's Stipulation is sufficient to show that the amount in controversy does not exceed $75,000.00 exclusive of cost and interest. Prudential Insurance Company of America had no objectively reasonable grounds upon which to properly remove this case to Federal Court. Plaintiff's request to recover attorneys' fees should be granted for the reasons set forth above.

WHEREFORE, for all the foregoing reasons, LETICIA SHELDON, prays that the Court send this case to State Court and impose against Defendant Plaintiff's Attorneys' fees for the improper removal.

Respectfully submitted,

By: _____
Guillermo Vega, Jr.
Texas Bar No. 20533700
SDOT No. 1946
302 Kings Highway, Suite 105
Brownsville, Texas 78521
Tel. (956)546-5573
Fax. (956)542-1977

**Attorney for Plaintiff**
LETICIA SHELDON

## CERTIFICATE OF SERVICE

A copy of this document has been forwarded by certified mail, return receipt requested, on November _24_, 2003 to:

1)  Norton A. Colvin
    Attorney at Law
    1201 East Van Buren Street
    Brownsville, Texas 78520

2)  Miguel Saldaña
    Attorney at Law
    302 Kings Highway, Suite 109
    Brownsville, Texas 78521

Guillermo Vega, Jr.

# EXHIBIT A

No. 2003-07-3828-A

| LETICIA SHELDON | § | IN THE DISTRICT COURT |
|---|---|---|
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | OF CAMERON COUNTY TEXAS |
| | § | |
| PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA | § | |
| | § | |
| Defendant. | § | 107TH JUDICIAL DISTRICT |

## DEFENDANT'S MOTION TO TRANSFER
## VENUE AND ORIGINAL ANSWER SUBJECT THERETO

Defendant Aetna Life Insurance Company, as Administrator for The Prudential Insurance Company of America ("Defendant") files this motion to transfer venue and original answer subject thereto in response to Plaintiff's Original Petition filed by Plaintiff Leticia Sheldon ("Plaintiff"), and in support thereof, respectfully alleges the following:

### Motion to Transfer Venue

1.    Introduction.  Although Plaintiff filed this action in Cameron County, none of the factual allegations in Plaintiff's Petition, even if true, would show that venue is proper in Cameron County, Texas.  In fact, under the general venue rule of the Texas Civil Practices and Remedies Code, Cameron County is not a proper venue.  Instead, Dallas County is a proper venue, and this action should be transferred there accordingly.

2.    Venue Is Not Proper In Cameron County.  Under Texas Civil Practices and Remedies Code § 15.002(a), this suit must be brought in either: (1) the county where all or a substantial part of the events giving rise to the claim occurred; or (2) the county of the defendant's principal office in Texas.  Defendant denies that all or a substantial part of the alleged events giving rise to this lawsuit occurred in, and that Defendant has its principal office

in Texas in Cameron County.  Furthermore, Defendant specifically denies any assertion or allegation in Plaintiff's Petition, if any, that would indicate venue is proper in Cameron County.

3.      While Plaintiff's causes of action against Defendant are based on the alleged denial of a claim for health benefits under a health benefit plan, the administration of claims for this plan did not occur in Cameron County, Texas.  Thus, Cameron County is not where the alleged events giving rise to Plaintiff's claims in this lawsuit occurred.  Additionally, Cameron County is not the location of Defendant's principal offices in Texas.  Neither The Prudential Insurance Company of America nor Aetna Life Insurance Company has a principal office in Texas in Cameron County.  Therefore, by filing this action in Cameron County, Texas, Plaintiff has violated the general venue rule. *See* TEX. CIV. PRAC. REM. CODE ANN. §15.002(a).

4.      <u>Venue Is Proper In Dallas County, Texas</u>.  Aetna Life Insurance Company, Administrator for The Prudential Insurance Company of America, has a principal office in Texas in Dallas County, Texas.  Therefore, under the general venue rule, venue is proper in Dallas County, Texas, where, *inter alia*, Defendant's principal office is located.

**<u>Original Answer</u>**

5.      Subject to its motion to transfer venue, Defendant asserts a general denial as authorized by Rule 92 of the Texas Rules of Civil Procedure, reserving the right to amend its pleadings subsequently to present its special exceptions to the Plaintiff's Original Petition, its affirmative defenses, its special denials, other pleas and defenses, and its own claims.

## Prayer

WHEREFORE, PREMISES CONSIDERED, Defendant Aetna Life Insurance Company prays the Court transfer this action to Dallas County, Texas, and that upon final hearing the Court enter judgment that Plaintiff take nothing and that Defendant be awarded its costs of court and such other and further relief to which it may be justly entitled.

ANDREWS & KURTH L.L.P.

BY: *Norton A. Colvin /egh*

John B. Shely
State Bar No. 18215300
Dimitri Zgourides
State Bar No. 00785309
600 Travis, Suite 4200
Houston, Texas 77002
Telephone: (713) 220-4105
Facsimile: (713) 220-4285

RODRIGUEZ, COLVIN & CHANEY, L.L.P.

Norton A. Colvin, Jr.
State Bar No. 04632100
Marjory Nell Colvin Batsell
State Bar No. 04631400
1201 East Van Buren Street
Brownsville, Texas 78520
Telephone: (956) 542-7441
Facsimile: (956) 541-2170

ATTORNEYS FOR AETNA LIFE
INSURANCE COMPANY, AS
ADMINISTRATOR FOR THE
PRUDENTIAL INSURANCE COMPANY
OF AMERICA

No. 2003-07-3828-A

| LETICIA SHELDON | § | IN THE DISTRICT COURT |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | OF CAMERON COUNTY TEXAS |
| | § | |
| PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA | § | |
| | § | |
| Defendant. | § | 107TH JUDICIAL DISTRICT |

## ORDER TRANSFERRING VENUE

CAME ON FOR CONSIDERATION Defendant's Motion to Transfer Venue in the above-captioned cause, and this Court, having considered the Motion and any response thereto, is of the opinion that the motion should be granted.

IT IS THEREFORE ORDERED that Defendant's Motion to Transfer Venue is GRANTED and the above-styled and numbered action is hereby transferred to Dallas County, Texas.

SIGNED on this ___ day of _____, 2003.

_____
JUDGE PRESIDING

## CERTIFICATE OF SERVICE

A copy of this document has been forwarded by U.S. mail, certified, return receipt requested, on August 22, 2003 to:

Guillermo Vega, Jr.
302 Kings Highway, Suite 105
Brownsville, Texas 78521

Norton A. Colvin, Jr.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF TEXAS
## BROWNSVILLE DIVISION

| | | |
|---|---|---|
| **LETICIA SHELDON** | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **VS.** | § | CIVIL ACTION NO. <u>B-03-150</u> |
| | § | |
| **PRUDENTIAL INSURANCE** | § | |
| **COMPANY OF AMERICA AND** | § | |
| **BROWNSVILLE INDEPENDENT** | § | |
| **SCHOOL DISTRICT** | § | |
| **Defendant** | § | |

### ORDER GRANTING PLAINTIFF'S MOTION TO REMAND

The Court has considered Plaintiff's Motion to Remand to State Court, Defendant's Response in Opposition to Plaintiff's Motion to Remand and Plaintiff's Response to Defendant's Response in Opposition to Plaintiff's Motion to Remand and the evidence on file, and all of the parties' respective arguments and briefing, and the Court is of the opinion that the Motion should be GRANTED and that Defendant be liable for all costs and attorney's fees incurred.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand is hereby GRANTED and Defendant be ordered to pay all costs, expenses, and attorney's fees incurred by Plaintiff.

_____

UNITED STATES DISTRICT JUDGE