IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| LETICIA SHELDON, | § | |
| | § | |
| Plaintiff | § | |
| | § | |
| v. | § | C.A. No. B-03-150 |
| | § | |
| PRUDENTIAL INSURANCE | § | |
| COMPANY OF AMERICA | § | |
| | § | |
| Defendant. | § | |

United States District Court
Southern District of Texas
ENTERED

MAR 2 6 2004

Michael N. Milby, Clerk of Court
By Deputy Clerk

### ORDER

BE IT REMEMBERED that on March 25, 2004, the Court **GRANTED** Plaintiff's Motions for Remand [Dkt. Nos 5 & 10].

### I. Introduction and Procedural Background

Plaintiff originally filed suit in the 107th Judicial District Court of Cameron County, Texas. Plaintiff alleges Defendant Prudential Insurance Company of America ("PICA")[1] violated certain provisions of the Texas Insurance Code including an allegation of unfair deceptive acts in the business of insurance and bad faith and breach of contract arising out of the denial of a claim for medical benefits under an insurance policy issued by PICA.

Defendant timely removed this case on August 28, 2003, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). Plaintiff subsequently filed her First Amended Complaint in the state court on September 3, 2003, which sought to add Brownsville Independent School District ("BISD") as a Defendant. Plaintiff has not filed an amended complaint in this Court, and thus because Plaintiff's amended complaint

---

[1] Defendant Aetna Life Insurance Company filed briefing in this case as the administrator for the Prudential Insurance Company of America.

1

was filed in state court after Defendant filed its Notice of Removal, BISD is not currently a party to this law suit.

## II. Grounds for Remand

In her Motion to Remand, Plaintiff contested the existence of complete diversity in this case. Because BISD has not been added as a defendant, Plaintiff no longer contests diversity, and she concedes PICA is a foreign corporation and not a citizen of Texas for the purpose of diversity jurisdiction. After an initial pretrial conference, it is apparent that the only contested issue is whether Plaintiff seeks damages of $75,000 or more, the requisite amount in controversy necessary to trigger diversity jurisdiction. Plaintiff represented to the Court that she was not seeking damages over $75,000, including attorneys' fees and treble damages. Defendant asserted during this conference that Plaintiff's previously filed stipulation of damages was inadequate to settle this dispute because Plaintiff did not stipulate to damages *including* attorneys' fees. See First Stipulation [Dkt. No. 14]. Plaintiff has since filed a second stipulation that addresses Defendant's concerns –the stipulation expressly states that Plaintiff is not seeking and will not seek, or accept damages, attorneys' fees, or any other costs in an amount more than $75,000, regardless of what subsequent discovery may reveal. See Second Stipulation [Dkt. No. 18]. Defendant asserted at the initial pretrial conference and in its "Sur-Response in Opposition to Plaintiff's Motion to Remand" that "this lawsuit should not be remanded *unless* Plaintiff executes a proper stipulation that she is not seeking damages and attorneys' fees in excess of $75,000." Sur-Response, at p. 2 [Dkt. No. 15]. Defendant has not filed any objection to Plaintiff's second stipulation of damages and attorneys' fees.

Plaintiff's stipulation of damages does not amend her complaint. Rather, it clarifies that the damages she seeks do not now, nor will they ever, exceed the requisite $75,000 in damages necessary for diversity jurisdiction. This stipulation does not conflict with the amounts alleged in Plaintiff's original complaint. See, e.g., Cross v. Bell Helmets, USA, 927 F. Supp. 2d 209, 214 (E.D. Tex. 1996) (remanding after allowing Plaintiff to file damage stipulation before district court had ruled on whether it

possessed jurisdiction where the stipulation clarified the damage amount and did not amend the original petition filed in state court); Moore v. Toyota Motor Corp., 64 F. Supp. 2d 612, 614 (N.D. Miss. 1999). The Court finds that this stipulation adequately clarifies Plaintiff's original complaint.

### III. Conclusion

As the stipulation appears proper in all respects because it is sworn and signed by the Plaintiff and contains the necessary language, the Court **GRANTS** Plaintiff's Motions for Remand [Dkt. Nos. 5 & 10], and **REMANDS** this case to the 107th Judicial District Court of Cameron County, Texas.

DONE this 25th day of March 2004, at Brownsville, Texas.

_____
Hilda G. Tagle
United States District Judge